IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES, | ) | CIVIL NO. 02—00365 BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION TO DISMISS |
| vs. | ) | OR IN THE ALTERNATIVE, FOR |
| | ) | PARTIAL SUMMARY JUDGMENT RE: |
| UNITED STATES OF AMERICA, | ) | VA CLAIMS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR
PARTIAL SUMMARY JUDGMENT RE: VA CLAIMS

I.   INTRODUCTION

Plaintiff filed a First Amended Complaint on November 11, 2002 alleging that Tripler Army Medical Center ("TAMC") provided substandard care to Plaintiff and that the Veterans Administration ("VA") "lack of offer of financial and in-home care, refusal to assist by any means, and refusal to establish additional priorities in managing medical service for my life threatening gall bladder/GI situation on the part of Veterans Administration in violation of 38 U.S.C. Sec. 1151(a)(1)(A), 1710(a)(5)(a), (b), 1705 (b)(2)(3), 38 CFR 1151, 38 CFR 3.154 and 38 CFR 3,800." See First Amended Complaint filed on November 11, 2002.

II.  STATEMENT OF FACTS

By letter dated July 27, 1999, Plaintiff submitted a claim to the Veterans Benefits Administration under 38 U.S.C. § 1151. See July 27, 1999 correspondence, a true and correct copy of

which is attached to Defendant's Concise Statement of Material Facts In Support of Defendant's Motion to Dismiss or in the Alternative, for Partial Summary Judgment Re: VA Claims ("Concise Statement") as Exhibit "A".[1][2]

More specifically, Plaintiff stated in his letter of July 27, 1999 correspondence that:

> Under 38 USC 1151 I would like to file a claim of Medical Mistreatment or Medical Malpractice for Tripler's pouring bleach into my allergic wound known as Dakins Solution modified 0.5% which caused major burning, itching and suffering even to present, because no one would give me a

---

[1] 38 U.S.C. § 1151 provides, in part, as follows:

> Section 1151: Benefits for persons disabled by treatment or vocational rehabilitation
> (a) Compensation under this chapter and dependency and indemnity compensation under Chapter 13 of this title shall be awarded for a qualifying additional disability or a qualifying death of a veteran in the same manner as if such additional disability or death were service-connected. For purposes of this section, a disability or death is a qualifying additional disability or qualifying death if the disability or death were not the result of the veteran's willful misconduct and-
>
> (1) the disability or death was caused by hospital care, medical or surgical treatment, or examination furnished the veteran under any law administered by the Secretary, either by a Department employee or in a Department facility as defined in section 1701(3)(A) of this title, and the proximate cause of the disability or death was-
>
>> (A) carelessness, negligence, lack of proper skill, error in judgment or similar instance of fault on the part of the Department in furnishing the hospital care, medical or surgical treatment or examination; or
>>
>> (B) an event not reasonably foreseeable; (remainder of the section omitted).

[2] A claim for benefits may also include a claim for financial assistance where there is need for regular aid and attendance. 38 U.S.C. 1114.

      cortezone shot motivating it that it would effect my post gall bladder removal hearing.

Id.

Six months later, on January 20, 2000, VA attorney Miles Miyamoto received a Standard Form 95 "Claim for Damage, Injury or Death" in which Plaintiff stated the basis for his administrative claim as follows:

      Incorrect surgery due to massive infection of time, delay or dead gall bladder and dehesive opening and pouring a allergic substance into wound causing more problems listed in letters already forwarded.

See January 20, 2000 correspondence, a true and correct copy of which is attached to the Concise Statement as Exhibit "B".

In a letter dated January 21, 2000, Mr. Miyamoto addressed the Plaintiff's submittal of the above-referenced Standard Form 95 as follows:

      Upon review of the foregoing, it is necessary to inform you that I do not deem that this forms (sic) constitutes presentation of a claim for damages or injury to the VA. First, it does not provide written notification of any negligent or wrongful act or omission of an employee of the VA acting within the scope of his or her employment. Section 14.604(a) of title 38 of the Code of Federal Regulations (CFR). Your claim alleges "incorrect surgery." However, VA employees did not perform surgery on you. You may wish to consider whether your claim should be submitted elsewhere.

See correspondence dated January 21, 2000, a true and correct copy of which is attached to the Concise Statement as Exhibit "C".

In response to Mr. Miyamoto's letter of January 21, 2000, Plaintiff submitted a Standard Form 95 to Tripler Army Medical Center. Tripler Army Medical Center is a Department of Defense facility and is not a facility that falls within the jurisdiction of the Department of Veterans Affairs.

By a letter, dated January 26, 2006, the Claims Attorney for

the Department of the Army informed Mr. Milnes that the Department of the Army would be the agency processing his claim under the Federal Tort Claims Act.  <u>See</u> Exhibit "D" to the Declaration of Miles Miyamoto attached hereto.  The Department of Veterans Affairs never informed Plaintiff that his claim was being processed or that his claim was valid.

As set out more fully below, this Court must dismiss all claims against the VA for lack of subject matter of jurisdiction and/or because Plaintiff has failed to state any claims upon which relief can be granted.

III. <u>ARGUMENT</u>

    A. <u>The Applicable Legal Standards</u>.

        1. <u>The Standard for a Motion to Dismiss</u>.

Dismissals for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6), are reviewed <u>de novo</u>.  <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991); <u>Hooker v. U.S. Dept. of Health and Human Services</u>, 858 F.2d 525, 529 (9th Cir. 1988).  Subject matter jurisdiction is fundamental and cannot be waived.  The party seeking to invoke the jurisdiction of the court has the burden of establishing that jurisdiction exists.  <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986).  The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction.  <u>Billingsley v. C.I.R.</u>, 868 F.2d 1081, 1085 (9th Cir. 1989).

A court may dismiss a complaint under Fed. R. Civ. P.

12(b)(6) where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Moore v. City of Costa Mesa, 886 F.2d 260, 262 (9th Cir. 1989), cert. denied, 496 U.S. 906 (1990). In considering a motion to dismiss, the Court must "accept the plaintiffs' allegations as true and construe them in the light most favorable to plaintiffs." In re Daou Systems, Inc., 397 F.3d 704, 709 (9th Cir. 2005)(quoting Gompper v. VISX, Inc., 298 F.3d 893, 895 (9th Cir. 2002)(citations omitted). However, "[c]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." In re VeriFone Secs. Litig., 11 F.3d 865, 868 (9th Cir. 1993)(citations omitted). See also Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir), cert. denied, 429 U.S. 1121 (1981)(court does not "necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.")(citations omitted). Dismissal of a complaint without leave to amend is proper if it is clear, upon de novo review, that the complaint could not have been saved by any amendment. See Gompper, 298 F.3d at 898.

When a jurisdictional question is dependent upon the resolution of factual issues, the summary judgment standard must be applied to decide a motion to dismiss. Steen v. John Hancock Mut. Life Ins. Co., 106 F.3d 904, 910 (9th Cir. 1997).

    2.   The Summary Judgment Standard.

Summary judgment is properly granted when the district

court, viewing the facts in the light most favorable to the nonmoving party, finds that there are no genuine issues of material fact[3] and that the moving party is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56).  One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses.  Celotex Corporation v. Catrett, 477 U.S. 317, 323-24 (1986).  The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict.  See Eisenberg v. Ins. Co. of North America, 815 F.2d 1285, 1289 (9th Cir. 1987) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986)).  Thus, the question is whether "reasonable minds could differ as to the import of the evidence."  Anderson, 477 U.S. at 250-51.  All evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party.  T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630-31 (9th Cir. 1987).

   The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at trial.  Celotex, 477 U.S. at 322.  The Supreme Court noted that a failure of proof regarding an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  Id.

---

[3] There is no genuine issue of material fact if "the evidence is of insufficient caliber or quantity to allow a rational finder of fact" to find for the nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 254 (1986).

at 322-23.  The moving party is not required to negate those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof.  Id. at 323.

The Ninth Circuit has declared that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."  California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).  "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment."  T.W. Elec. Serv., 809 F.2d at 630.  Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.  Id.  At least some "significant probative evidence[4] tending to support the complaint" must be produced.[5]  Id.

---

[4] Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment.  British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

[5] The United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Indeed, "if the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial."  Franciscan Ceramics, 818 F.2d at 1468 (emphasis in original)(citing

B.  <u>The District Court Lacks Subject Matter Jurisdiction over Claims for VA Benefits</u>

The district courts lack subject matter jurisdiction to review a claim for Department of Veterans Affairs' disability benefits.  38 U.S.C. § 511 provides:

> The Secretary [of Veterans Affairs) shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans. . . . [T]he decision of the Secretary as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise.

District courts are barred from reviewing claims for veterans' benefits.  <u>Tietjen v. U.S. Veterans Admin.</u>, 884 F.2d 514 (9th Cir. 1989).  The court will determine the "substance" of Plaintiff's claim by addressing the merits of the complaint, independent of titles given to the claims by Plaintiff, to determine whether review is required.  <u>Moore v. Johnson</u>, 582 F.2d 1228, 1232 (9th Cir. 1972).

In this case, Plaintiff alleges that the VA failed to offer financial and in home care and to manage his health condition pursuant to, in part, 38 USC § 1151.  Plaintiff clearly seeks to have this Court render a decision under a law that affects the provision of benefits by the Secretary of the Department of Veterans Affairs to veterans.  Such a review would necessarily require the court to make decisions on "questions of law and fact" which affect Plaintiff's disability benefits.  38 U.S.C.

---

<u>Matsushita</u>, 475 U.S. at 587).

§ 511 denies the district court subject matter jurisdiction over such questions and Plaintiff's claims against the VA must be dismissed.

> C. Plaintiff's Failure To File A Timely Administrative Claim Alleging Negligence of a VA Employee Bars Review of His Claim that the VA Refused His Request for "In-Home Care to Change Dressings Wet to Dry Three Times a Day.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671, et seq., authorizes suits against the United States for money damages for personal injury resulting from the negligent or wrongful acts of United States employees acting within the scope of their employment. The FTCA, however, is a limited waiver of sovereign immunity. See 28 U.S.C. §§ 2401(b), 2674. Every tort claim against the United States must be presented in writing to the appropriate federal agency "within two years after such claim accrues."[6] 28 U.S.C. § 2401(b). The prompt filing requirement is jurisdictional and may not be waived. The failure to file a claim within statutory time limits is fatal to a claimant's suit. Dyniewicz v. United States, 742 F.2d 484, 485 (9th Cir. 1984);

---

[6] For statute of limitations purposes, federal law controls when a claim accrues in a personal injury case brought under the FTCA. Poindexter v. United States, 647 F.2d 34, 36 (9th Cir. 1981). A claim accrues under the FTCA when "the plaintiff has discovered, or in the exercise of reasonable diligence should have discovered, both its injury and its cause." Augustine v. United States, 704 F.2d 1074, 1078 (9th Cir. 1983)(quoting Davis v. United States, 642 F.2d 328, 331 (9th Cir. 1981). Once a person is aware of the critical facts underlying his injury and its cause, he can inquire in the medical and legal community as to whether his injury had been negligently inflicted. Kubrick, 444 U.S. at 123. The Ninth Circuit has defined the term, "cause," to refer to the "immediate physical action which led to the injury" and not to the breach of the legal duty. See Outman v. United States, 890 F.2d 1050, 1052 (9th Cir. 1989).

Johnson v. United States, 906 F. Supp. 1100, 1104 (S.D. W. Va. 1995). The purpose behind the limitations provision of the FTCA "is to require the reasonably diligent presentation of tort claims against the Government." United States v. Kubrick, 444 U.S. 111, 123 (1979).

In this case, Plaintiff has raised allegations against the VA in the Complaint. However, if his claim is considered a claim brought under the FTCA, he never exhausted his administrative remedies as he never filed an administrative claim with the VA in which he alleged negligent medical treatment by a VA employee acting within the scope of his/her employment with the VA. There is no evidence that the Department of Veterans Affairs was ever presented with a proper FTCA claim and processed this claim, unlike the Department of the Army.

Thus, because Plaintiff never filed a proper FTCA claim with the VA, any FTCA claim contained in Plaintiff's Complaint against the VA must be dismissed with prejudice as to the United States pursuant to Rules 12(b)(1)[7] and/or 12(b)(6), and/or summary judgment should be entered in favor of the United States as a

---

[7] Once a challenge to jurisdiction is mounted by the United States by way of a motion to dismiss, the burden of establishing subject matter jurisdiction lies with the plaintiff. Schmidt v. United States, 901 F.2d 680, 683 (8th Cir. 1990), cert. denied, 498 U.S. 1077 (1991). In this case, the requirements imposed by the statute of limitations may seem harsh, but those requirements are imposed as a matter of policy set by the Congress and, as matters pertaining to sovereign immunity, the statute of limitations may not be waived. The defense of lack of subject matter jurisdiction cannot be waived, and the Court has a continuing duty to dismiss an action whenever it appears that it lacks subject matter jurisdiction. Augustine, 704 F.2d at 1077; Fed. R. Civ. P. Rule 12(h)(3).

matter of law in accordance with Rule 56.

IV. CONCLUSION

For all of the reasons stated above, the United States respectfully urges the Court to dismiss all claims alleged against the Veterans Administration with prejudice or to enter summary judgment in favor of the United States as a matter of law on these claims.

DATED: March 20, 2006, at Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>/s/ Edric M. Ching
>
>By_____
>  EDRIC M. CHING
>  Assistant U.S. Attorney
>
>Attorneys for Defendant
>UNITED STATES OF AMERICA