IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES, | ) | CIVIL NO. 02-00365 BMK |
| | ) | |
| Plaintiff, | ) | DECLARATION OF MILES T. MIYAMOTO |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

DECLARATION OF MILES T. MIYAMOTO

Miles T. Miyamoto, the Declarant herein, states the following:

1. Declarant is an Assistant Regional Counsel working at the Department of Veterans Affairs Pacific Islands Health Care System and is an attorney licensed to practice before all courts in the State of Hawaii.

2. In my capacity, I am aware of administrative claims for damages, injuries or deaths filed against the Department of Veterans Affairs (VA) in Hawaii and have first hand knowledge as to any administrative tort claim for damage, injury or death filed by Kevin Milnes against the VA in Hawaii.

3. Upon review of Kevin Milnes' First Amended Complaint in Civil No. CV02 00365 HG BMK in the United States District Court in the District of Hawaii, I attest that Mr. Milnes has never filed an administrative claim for damage injury or death under the Federal Tort Claims Act alleging the 1) lack

of offer of financial and in-home care, refusal to assist by any means, and refusal to establish additional priorities in managing medical service for my life threatening gall bladder/GI situation on the part of Veterans Administration in violation of 38 U.S.C. Sec. 1151(a)(1)(A), 1710(a)(5)(a), (b), 1705 (b)(2)(3), 38 CFR 1151, 38 CFR 3.154 and 38 CFR 3,800."

    4. Mr. Milnes represents that, by letter dated July 27, 1999, he submitted a claim to the VA under Section 1151 of title 38 of the United States Code, a true copy of which is attached hereto as Exhibit "A" and which was also attached to "Plaintiff Kevin Milnes' Separate and Concise Counter Statement of Material Facts" ("Concise Statement) filed on October 28, 2005 as Exhibit "4". A claim under Section 1151 is a claim for benefits under Title 38 of the United States Code and is not an administrative claim for damages, injuries or deaths under the Federal Tort Claims Act. Mr. Milnes submitted his Section 1151 claim to the Veterans Benefits Administration and not to my office. My office does not make determinations regarding granting or denying individual claims for benefits.

    5. On January 21, 2000, my office received a form (SF-95) for damage, injury or death from Mr. Milnes. However, that form did not provide written notification of any negligent or wrongful act or omission of an employee of the VA acting within the scope of his or her employment, a true copy of which is

attached hereto as Exhibit "B."  In a letter, dated January 21, 2000, I informed Mr. Milnes that his SF-95 did not constitute presentation of a claim for damages or injury to the VA, a true copy of which is attached hereto as Exhibit "C" which was also attached to the Concise Statement as Exhibit "5".

   6. By copy of a letter dated January 26, 2000, the Department of the Army informed my office of their acceptance of an administrative tort claim filed by Mr. Milnes, a true copy of which is attached hereto as Exhibit "D".  The Department of the Army and the Department of Veterans Affairs are separate and distinct Federal agencies.  Contrary to the notice received by Mr. Milnes from the Department of the Army of their acceptance of an administrative tort claim, he never received notification from the Department of Veterans Affairs that it accepted any administrative tort claim filed by Plaintiff.

   7. I attest that Mr. Milnes failed to present, in a proper manner, to my office an administrative claim for damage, injury or death against the VA that alleged negligent medical treatment by any employee acting within the scope of his/her employment with the VA.

//
//
//
//

I declare under penalty of perjury, in accordance with 28 U.S.C. 1746, that the foregoing is true and correct.

DATED: _March 9, 2006_ at Honolulu, Hawaii.

_Miles T. Miyamoto_
MILES T. MIYAMOTO