# EXHIBIT "B"

Westlaw.

28 CFR § 14.9 Page 1

28 C.F.R. § 14.9

C
**CODE OF FEDERAL REGULATIONS**
**TITLE 28--JUDICIAL ADMINISTRATION**
**CHAPTER I--DEPARTMENT OF JUSTICE**
**PART 14--ADMINISTRATIVE CLAIMS**
**UNDER FEDERAL TORT CLAIMS ACT**
Current through October 20, 2005; 70 FR 61206

§ 14.9 Final denial of claim.

(a) Final denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail. The notification of final denial may include a statement of the reasons for the denial and shall include a statement that, if the claimant is dissatisfied with the agency action, he may file suit in an appropriate U.S. District Court not later than 6 months after the date of mailing of the notification.

(b) Prior to the commencement of suit and prior to the expiration of the 6- month period provided in 28 U.S.C. 2401(b), a claimant, his duly authorized agent, or legal representative, may file a written request with the agency for reconsideration of a final denial of a claim under paragraph (a) of this section. Upon the timely filing of a request for reconsideration the agency shall have 6 months from the date of filing in which to make a final disposition of the claim and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until 6 months after the filing of a request for reconsideration. Final agency action on a request for reconsideration shall be effected in accordance with the provisions of paragraph (a) of this section.

[Order No. 371-66, 31 FR 16616, Dec. 29, 1966, as amended by Order No. 422-69, 35 FR 315, Jan. 8, 1970]

<General Materials (GM) - References,
Annotations, or Tables>

28 C. F. R. § 14.9

28 CFR § 14.9

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

28 CFR § 14.2                                                                                                                    Page 1
28 C.F.R. § 14.2

C

**CODE OF FEDERAL REGULATIONS
TITLE 28--JUDICIAL ADMINISTRATION
CHAPTER I--DEPARTMENT OF JUSTICE
PART 14--ADMINISTRATIVE CLAIMS
UNDER FEDERAL TORT CLAIMS ACT**
Current through October 20, 2005; 70 FR 61206

§ 14.2 Administrative claim; when presented.

(a) For purposes of the provisions of 28 U.S.C. 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

(b) (1) A claim shall be presented to the Federal agency whose activities gave rise to the claim. When a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer. If transfer is not feasible the claim shall be returned to the claimant. The fact of transfer shall not, in itself, preclude further transfer, return of the claim to the claimant or other appropriate disposition of the claim. A claim shall be presented as required by 28 U.S.C. 2401(b) as of the date it is received by the appropriate agency.

(2) When more than one Federal agency is or may be involved in the events giving rise to the claim, an agency with which the claim is filed shall contact all other affected agencies in order to designate the single agency which will thereafter investigate and decide the merits of the claim. In the event that an agreed upon designation cannot be made by the affected agencies, the Department of Justice shall be consulted and will thereafter designate an agency to investigate and decide the merits of the claim. Once a determination has been made, the designated agency shall notify the claimant that all future correspondence concerning the claim shall be directed to that Federal agency. All involved Federal agencies may agree either to conduct their own administrative reviews and to coordinate the results or to have the investigations conducted by the designated Federal agency, but, in either event, the designated Federal agency will be responsible for the final determination of the claim.

(3) A claimant presenting a claim arising from an incident to more than one agency should identify each agency to which the claim is submitted at the time each claim is presented. Where a claim arising from an incident is presented to more than one Federal agency without any indication that more than one agency is involved, and any one of the concerned Federal agencies takes final action on that claim, the final action thus taken is conclusive on the claims presented to the other agencies in regard to the time required for filing suit set forth in 28 U.S.C. 2401(b). However, if a second involved Federal agency subsequently desires to take further action with a view towards settling the claim the second Federal agency may treat the matter as a request for reconsideration of the final denial under 28 CFR 14.9(b), unless suit has been filed in the interim, and so advise the claimant.

(4) If, after an agency final denial, the claimant files a claim arising out of the same incident with a different Federal agency, the new submission of the claim will not toll the requirement of 28 U.S.C. 2401(b) that suit must be filed within six months of the final denial by the first agency, unless the second agency specifically and explicitly treats the second submission as a request for reconsideration under 28 CFR 14.9(b) and so advises the claimant.

(c) A claim presented in compliance with paragraph (a) of this section may be amended by the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

28 CFR § 14.2                                                                                                              Page 2

28 C.F.R. § 14.2

claimant at any time prior to final agency action or prior to the exercise of the claimant's option under 28 U.S.C. 2675(a). Amendments shall be submitted in writing and signed by the claimant or his duly authorized agent or legal representative. Upon the timely filing of an amendment to a pending claim, the agency shall have six months in which to make a final disposition of the claim as amended and the claimant's option under 28 U.S.C. 2675(a) shall not accrue until six months after the filing of an amendment.

[Order No. 870-79, 45 FR 2650, Jan. 14, 1980, as amended by Order No. 960-81, 46 FR 52355, Oct. 27, 1981; 52 FR 7411, March 11, 1987]

&lt;General Materials (GM) - References, Annotations, or Tables&gt;

28 C. F. R. § 14.2

**28 CFR § 14.2**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

28 CFR § 14.3

Page 1

28 C.F.R. § 14.3

C

CODE OF FEDERAL REGULATIONS
TITLE 28--JUDICIAL ADMINISTRATION
CHAPTER I--DEPARTMENT OF JUSTICE
PART 14--ADMINISTRATIVE CLAIMS
UNDER FEDERAL TORT CLAIMS ACT
Current through October 20, 2005; 70 FR 61206

§ 14.3 Administrative claim; who may file.

(a) A claim for injury to or loss of property may be presented by the owner of the property, his duly authorized agent or legal representative.

(b) A claim for personal injury may be presented by the injured person, his duly authorized agent, or legal representative.

(c) A claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law.

(d) A claim for loss wholly compensated by an insurer with the rights of a subrogee may be presented by the insurer. A claim for loss partially compensated by an insurer with the rights of a subrogee may be presented by the parties individually as their respective interests appear, or jointly.

[52 FR 7412, March 11, 1987]

<General Materials (GM) - References, Annotations, or Tables>

28 C. F. R. § 14.3

**28 CFR § 14.3**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

28 CFR § 14.4 Page 1

28 C.F.R. § 14.4

C

**CODE OF FEDERAL REGULATIONS**
**TITLE 28--JUDICIAL ADMINISTRATION**
**CHAPTER I--DEPARTMENT OF JUSTICE**
**PART 14--ADMINISTRATIVE CLAIMS**
**UNDER FEDERAL TORT CLAIMS ACT**
Current through October 20, 2005; 70 FR 61206

§ 14.4 Administrative claims; evidence and information to be submitted.

(a) Death. In support of a claim based on death, the claimant may be required to submit the following evidence or information:

(1) An authenticated death certificate or other competent evidence showing cause of death, date of death, and age of the decedent.

(2) Decedent's employment or occupation at time of death, including his monthly or yearly salary or earnings (if any), and the duration of his last employment or occupation.

(3) Full names, addresses, birth dates, kinship, and marital status of the decedent's survivors, including identification of those survivors who were dependent for support upon the decedent at the time of his death.

(4) Degree of support afforded by the decedent to each survivor dependent upon him for support at the time of his death.

(5) Decedent's general physical and mental condition before death.

(6) Itemized bills for medical and burial expenses incurred by reason of the incident causing death, or itemized receipts of payment for such expenses.

(7) If damages for pain and suffering prior to death are claimed, a physician's detailed statement specifying the injuries suffered, duration of pain and suffering, any drugs administered for pain, and the decedent's physical condition in the interval between injury and death.

(8) Any other evidence or information which may have a bearing on either the responsibility of the United States for the death or the damages claimed.

(b) Personal injury. In support of a claim for personal injury, including pain and suffering, the claimant may be required to submit the following evidence or information:

(1) A written report by his attending physician or dentist setting forth the nature and extent of the injury, nature and extent of treatment, any degree of temporary or permanent disability, the prognosis, period of hospitalization, and any diminished earning capacity. In addition, the claimant may be required to submit to a physical or mental examination by a physician employed by the agency or another Federal agency. A copy of the report of the examining physician shall be made available to the claimant upon the claimant's written request provided that he has, upon request, furnished the report referred to in the first sentence of this paragraph and has made or agrees to make available to the agency any other physician's reports previously or thereafter made of the physical or mental condition which is the subject matter of his claim.

(2) Itemized bills for medical, dental, and hospital expenses incurred, or itemized receipts of payment for such expenses.

(3) If the prognosis reveals the necessity for future treatment, a statement of expected expenses for such treatment.

(4) If a claim is made for loss of time from employment, a written statement from his employer showing actual time lost from employment, whether he is a full or part-time employee, and wages or salary actually lost.

(5) If a claim is made for loss of income and the claimant is self-employed, documentary evidence

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

28 CFR § 14.4 Page 2

28 C.F.R. § 14.4

showing the amounts of earnings actually lost.

(6) Any other evidence or information which may have a bearing on either the responsibility of the United States for the personal injury or the damages claimed.

(c) Property damage. In support of a claim for injury to or loss of property, real or personal, the claimant may be required to submit the following evidence or information:

(1) Proof of ownership.

(2) A detailed statement of the amount claimed with respect to each item of property.

(3) An itemized receipt of payment for necessary repairs or itemized written estimates of the cost of such repairs.

(4) A statement listing date of purchase, purchase price and salvage value, where repair is not economical.

(5) Any other evidence or information which may have a bearing on either the responsibility of the United States for the injury to or loss of property or the damages claimed.

<General Materials (GM) - References, Annotations, or Tables>

28 C. F. R. § 14.4

**28 CFR § 14.4**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.