EDWARD H. KUBO, JR.  #2499
United States Attorney
District of Hawaii

EDRIC M. CHING  #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850-6100
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: edric.ching@usdoj.gov

Attorneys for Defendant
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN MILNES,                    )<br>                                  )<br>          Plaintiff,             )<br>                                  )<br>     vs.                          )<br>                                  )<br>UNITED STATES OF AMERICA,         )<br>                                  )<br>          Defendant.             )<br>                                  )<br>                                  )<br>                                  )<br>                                  )<br>                                  )<br>                                  )<br>                                  )<br>_____ ) | CIVIL NO. 02—00365 BMK<br><br>DEFENDANT'S CONCISE STATEMENT<br>OF MATERIAL FACTS IN SUPPORT<br>OF DEFENDANT'S MOTION FOR<br>PARTIAL SUMMARY JUDGMENT;<br>DECLARATION OF JUAN J.<br>SANCHEZ-MARTINEZ AND EXHIBIT<br>"A"; DECLARATION OF PAUL<br>CIRANGLE, M.D.; DECLARATION OF<br>LAWRENCE ERON, M.D. AND<br>EXHIBIT "B"; DECLARATION OF<br>BRADLEY SAKAGUCHI, M.D.;<br>DECLARATION OF WHITNEY LIMM,<br>M.D. AND EXHIBIT "C"; EXHIBIT<br>"D"; CERTIFICATE OF SERVICE<br><br>TRIAL DATE: October 24, 2006 |

DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56.1 of the Local Rules of Practice

for the United States District Court for the District of Hawaii,

Defendant United States of America, by and through its attorneys,

Edward H. Kubo, Jr., United States Attorney for the District of Hawaii, and Assistant United States Attorney Edric M. Ching, and hereby submits its separate concise statement of material facts in support of its Motion For Partial Summary Judgment, which is being filed contemporaneously.

DEFENDANT'S STATEMENT OF FACTS

| FACTS | EVIDENTIARY SUPPORT |
|---|---|
| 1. Kevin Milnes was admitted to the Tripler Army Medical Center ("TAMC") emergency department during the late morning of June 14, 1999 complaining of abdominal pain and he admitted a positive history of smoking. | Decl. of Paul Cirangle, M.D. ("Cirangle Decl.") at ¶¶ 2-4. |
| 2. In the morning of June 15, 1999, Milnes was admittd to the TAMC surgical ward and abdominal ultrasound confirmed the diagnosis of acute cholecystitis (gallbladder inflammation). | Cirangle Decl. at ¶¶ 5-6. |
| 3. At approximately 9:20 a.m., a broad spectrum antibiotic, Zosyn, was administered intravenously to Milnes. | Decl. of Juan J. Sanchez-Martinez at ¶¶ 7 and 8. |
| 4. A laparoscopic procedure to remove Milnes' gallbladder commenced in the early afternoon of June 15, 1999 and was converted to an open procedure. Zosyn was administered to Milnes following the procedure. | Cirangle Decl. at ¶¶ 7-8 _; Decl. of Lawrence Eron, M.D. ("Eron Decl.") at ¶ 5. |
| 5. During the next several days, slight swelling surrounded the surgical wound and Milnes had no complaints. | Eron Decl. at ¶ 6; and Cirangle Decl. at ¶ 11. |
| 6. Prior to his June 19, 1999 discharge, Milnes was ordered to avoid driving, smoking and strenuous activities. | Cirangle Decl. at ¶ 12. |

| | | |
|---|---|---|
| 7. | On June 23, 1999, Milnes' wound was noted to be clean and dry. | Cirangle Decl. at ¶ 14. |
| 8. | On June 24, 1999, in the TAMC emergency department, his wound was dehisced with no signs of evisceration.  The wound was cleaned and Milnes was ordered to report to the surgical ward the following day. | Decl. of Bradley Sakaguchi, M.D. at ¶¶ 4-5. |
| 9. | Milnes was admitted to the TAMC surgical ward on June 25, 1999 and no wound infection was noted. | Cirangle Decl. At ¶ 17. |
| 10. | In the afternoon of June 26, 1999, Milnes, against the advice of TAMC personnel left TAMC for several hours. | Cirangle Decl. at ¶ 18. |
| 11. | Upon his return to TAMC on June 26, 1999, Milnes underwent a procedure to clean and irrigate his wound with healing by secondary intent. | Cirangle Decl. at ¶ 20; Decl. of Whitney Limm, M.D. ("Limm Decl.") at ¶ 10. |
| 12. | During the period from June 28, 1999 to July 1, 1999, Milnes' wound was healing well and clean.  The edge of the wound was slightly red. | Cirangle Decl. at ¶ 21. |
| 13. | On July 2, 1999, Milnes underwent a procedure to clean his wound.  He was discharged on July 2, 1999 and he was ordered to use Dakin's Solution when changing his dressing. | Cirangle Decl. at ¶ 21; and Eron Decl. at ¶ 13. |
| 14. | Dakin's Solution was applied to Milnes' wound on July 1, 1999 and July 2, 1999. | Cirangle Decl. at ¶ 22. |
| 15. | On July 6, 1999, a nursing note on indicated that the patient had been using normal saline in changing his dressings while Milnes maintained that he had been using the Dakin's solution. | Cirangle Decl. at ¶ 24; and Eron Decl. at ¶ 17. |
| 16. | A skin irritation appeared on Milnes' skin in the distribution of the tape holding the dressing.  Milnes was | |

|   |   |   |
|---|---|---|
| | ordered to stop using Dakin's Solution. | Cirangle Decl. at ¶¶ 24-25. |
| 17. | Milnes was re-admitted to TAMC on July 8, 1999 and was instructed to remain attached to the Vacuum Assisted Closure ("VAC") device. | Cirangle Decl. at ¶¶ 26-27. |
| 18. | On July 8, 1999, redness near the wound was noted and this redness disappeared by July 12, 1999. | |
| 19. | Milnes complained of a reaction to the Dakin's Solution on July 14, 1999. | Eron Decl. at ¶¶ 19-21. Cirangle Decl. at ¶ 28. |
| 20. | Milnes was discharged on July 20, 1999. During this hospitalization, he disconnected himself from the VAC machine on numerous occasions against the instructions from TAMC personnel. | Cirangle Decl. at ¶ 24.  Cirangle Decl. at ¶¶ 29-30. |
| 21. | During the period from June 1999 to July 1999, Milnes smoking and obesity retarded the healing of his wound. | |
| 22. | The timing of Milnes' June 15, 1999 procedure was within the standard of care as it occurred within 72 hours of his admission to TAMC. | Limm Decl. at ¶¶ 15-16 and 21-22. |
| 23. | The administration of Zosyn to Milnes prior to the June 16, 1999 procedure was within the standard of care. | Limm Decl. at ¶ 19. |
| 24. | Dr. Sakaguchi's care of Milnes complied with the standard of care. | Cirangle Decl. at ¶ 7; Eron Decl. at ¶ 30. |
| 25. | Due to the absence of any wound infections during any of the hospitalizations, prolonged antibiotic therapy was not warranted. | Limm Decl. at ¶ 20. |
| 26. | The skin irritation referenced by Milnes on July 6, 1999 was caused by adhesive tape holding the dressing. | Eron Decl. at ¶ 24. |
| 27. | A reaction to the Dakin's Solution normally peaks four to five days after its application. However, the timing of redness to Milnes' wound indicated no reaction to Dakin's Solution. | Eron Decl. at ¶ 31. |

| | | |
|---|---|---|
| 28. | Reactions to sodium hypochlorite, a bleaching agent contained in Dakin's Solution, are highly unusual and studies show that it does not affect the rate of healing of surgical wounds versus the use of other dressings. | Eron Decl. at ¶¶ 27-28. |
| 29. | The use of Dakin's Solution did not delay wound healing. | Eron Decl. at ¶¶ 25-27. |
| | | Eron Decl. at ¶ 31. |

DATED: April 26, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Edric M. Ching

By_____
  EDRIC M. CHING
  Assistant U.S. Attorney

5

```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII


KEVIN MILNES,                  )    CIVIL NO. 02—00365 HG BMK
                               )
          Plaintiff,           )    CERTIFICATE OF SERVICE
                               )
     vs.                       )
                               )
UNITED STATES OF AMERICA,      )
                               )
          Defendant.           )
_____)
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing document was served on the following at their last known address:

SERVED ELECTRONICALLY THROUGH CM/ECF:

Gary V. Dubin, Esq.                       April 26, 2006
gdubin@dubinlaw.net

Attorney for Plaintiff

DATED: April 26, 2006, at Honolulu, Hawaii.

                                     /s/ Jan Yoneda

                              _____