EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

EDRIC M. CHING #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: edric.ching@usdoj.gov

Attorneys for Defendant
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES, | ) | CIVIL NO. 02—00365 BMK |
| | ) | |
| Plaintiff, | ) | REPLY TO PLAINTIFF KEVIN |
| | ) | MILNES' MEMORANDUM IN |
| vs. | ) | OPPOSITION TO DEFENDANT'S |
| | ) | MOTION TO DISMISS OR, IN THE |
| UNITED STATES OF AMERICA, | ) | ALTERNATIVE, FOR PARTIAL |
| | ) | SUMMARY JUDGMENT RE: VA |
| Defendant. | ) | CLAIMS; DECLARATION OF MILES |
| | ) | MIYAMOTO; DECLARATION OF |
| | ) | CHRISTOPHER B. MARSHALL; |
| | ) | EXHIBITS "A" - "B"; |
| | ) | CERTIFICATE OF SERVICE |
| | ) | |
| | ) | DATE:  May 12, 2006 |
| | ) | TIME:  2:00 p.m. |
| | ) | JUDGE:  BARRY M. KURREN |
| | ) | |
| _____ ) | | Trial Date: October 24, 2006 |

REPLY TO PLAINTIFF KEVIN MILNES' MEMORANDUM IN
OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR PARTIAL SUMMARY JUDGMENT RE: VA CLAIMS

Defendant UNITED STATES OF AMERICA, by and through its

attorneys, the United States Attorney for the District of Hawaii

and Assistant United States Attorney Edric M. Ching, and hereby

submits its Reply to Plaintiff's Memorandum in Opposition To

Defendant's Motion To Dismiss Or, In the Alternative, For Partial

Summary Judgment Re: Ve Claims ("Memo in Opp.").  As will be

shown below, Plaintiff's claims against the Department of

Veterans Affairs' ("VA") arise out of the VA's denial of benefits

to Plaintiff related to his June 1999 gallbladder surgery.

Partial Summary Judgment must be granted in favor of Defendant

against Plaintiff regarding Plaintiff's claims against the VA

because Plaintiff failed to properly present a Federal Torts

Claims Act ("FTCA") administrative claim to the VA and, in turn,

failed to exhaust his administrative remedies and this court does

not have jurisdiction over the VA's denial of veterans' benefits.

    I.    Argument

    A.    Plaintiff Failed To Present A FTCA Claim To The VA

    The documentation is clear that Plaintiff never properly

filed a FTCA claim with the VA.  The Standard Form 95 which

Plaintiff submitted via facsimile on January 20, 2000 to the VA

stated that the basis of Plaintiff's claim arose out of

"incorrect surgery due to massive infection of time, delay of

dead gall bladder and dehessive opening and pouring an allergic

substance into wound causing more problems listed in letters

already forwarded."  See Exhibit "B" attached to Defendant's

Concise Statement of Material Facts in Support of Defendant's

Motion to Dismiss or In The Alternative, For Partial Summary

Judgment Re: VA Claims ("Concise Statement").

VA Regional Counsel Senior Attorney Miles Miyamoto

("Miyamoto") informed Plaintiff in a January 21, 2000

correspondence that the above-referenced Standard Form 95 did not

constitute a presentation of claim to the VA because 1) Plaintiff

did not allege any negligence on a VA employee, 2) the basis for

the claim, the "incorrect surgery" was not performed by VA

personnel and 3) the Standard Form 95 did not state the monetary

damages sought.  See Exhibit "C" to Concise Statement.  Miyamoto

also informed Plaintiff that he should "consider whether your

claim should be submitted elsewhere."  Id.

Plaintiff subsequently prepared another Standard Form 95

("Second Standard Form 95") which was submitted to the Tripler

Army Medical Center ("TAMC").  See Exhibit "6" attached to

Plaintif Kevin Milnes' Separate and Concise Counter-Statement of

Material Facts ("Counter Concise Statement").  TAMC, in following

standard procedures when a veteran files a FTCA claim against

TAMC, forwarded a copy of the Second Standard Form 95 to

Miyamoto.  Miyamoto never received a copy of the Second Standard

Form 95 directly from Plaintiff.

The Second Standard Form 95 stated that the basis of the

claim for benefits was "bad surgery and major aggravation, pain

and loss of income at all" and referred to an attachment, which

referenced the gall bladder surgery performed at the TAMC.  Id.
In completing the Second Standard Form 95, Plaintiff did not
complete the section of the form stating, "Submit To Appropriate
Federal Agency" and it was ambiguous as to which Agency the
Second Standard Form 35 was directed.  Id.

Assuming, arguendo, that the Second Standard Form 95 was
submitted to Miyamoto, it still would not constitute a proper
presentation of claim to the VA because it did not give notice to
the VA of the nature of the claim.  First, the Second Standard
Form 95 was ambiguous as to which agency to which it was directed
(in contrast to the Standard Form 95 which was explicitly
directed to the VA and Miyamoto).  Second, the content of the
claim portion of the Second Standard Form 95 solely discussed
actions by TAMC personnel and did not contain any allegations of
wrongful actions by VA personnel.  Based on the ambiguity of the
target agency and the absence of any allegations of wrongful
conduct by VA personnel, it would have been virtually impossible
for the VA to have notice of the allegations against its
personnel and to conduct an investigation into Plaintiff's
claims.

Plaintiff's reliance on Reynoso v. United States, 537
F.Supp. 978 (N.D. Cal. 1982) is misplaced.  In Reynoso, the
plaintiff submitted a Standard Form 95 claim to the VA claiming
that the VA's refusal to grant him further psychiatric care

caused his suicide attempt.  Id.  In his Standard 95 Form, the plaintiff noted that he had been hospitalized for mental health problems for months at the VA but did not mention the names of VA physicians or employees who refused him treatment nor he did attach documentation of his claims.  Id.  The VA requested that the plaintiff provide documentation to support his Standard 95 Form and the plaintiff did not respond.  Id. at 979.  The VA subsequently denied the plaintiff's FTCA claim.  Id.

The district court adopted the Fifth Circuit's holding that 28 U.S.C. § 2675(a) is satisfied if the claimant (1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.  Id. citing Adams v. United States, 615 F.2d 284, 289 (5th Cir. 1980).  The district court found that the plaintiff's claim gave notice to the VA of the period when he was hospitalized. Id.  Since the VA had possession of Plaintiff's in-patient records and the Standard Form 95 gave the VA notice of which records to search, the VA was given sufficient information to allow it to investigate the plaintiff's claims.  Id.

This case is clearly distinguishable from Reynoso.  In this case, the Standard Form 95 and Second Standard Form only referenced events that occurred at the TAMC and made no allegations of any wrongful acts or omissions by VA personnel.

See Exhibit "B" to Concise Statement and Exhibit "6" to Counter Concise Statement.

Plaintiff's pleadings are also indicative that the claims against the VA are not truly medical malpractice claims. Plaintiff has only submitted expert reports regarding the care received by Plaintiff at the TAMC and has not submitted any expert reports discussing whether the VA's interactions with Plaintiff constituted medical malpractice.[1]

B.   Plaintiff's Claims For Benefits Are Not Reviewable By This Court

Paragraph 17 of Plaintiff's Declaration attached to the Counter Concise Statement is essentially an admission that his claims against the VA in this matter arise out of the VA's denial of his request for benefits.

"It is not true that my claims are only against Tripler.  My primary care was at the VA.  I was referred to Tripler for surgery only, and all mistakes in my after-care, which aggravated my condition, such as the failure to provide needed, follow-up medication, home nursing care and infection specialists were examples of the medical malpractice committed by the VA when I was an out-patient status."

See Declaration of Kevin Milnes attached to Counter Concise Statement at paragraph 17.

Plaintiff then tries to explain why his request for benefits is actually a medical malpractice claim rather than a claim for benefits by stating that

---

[1]Plaintiff's expert report deadline was April 24, 2006.

> "I was already a patient of the VA, eligible and
> receiving benefits for my condition, having been
> referred to Tripler for surgery only, while ill and
> still in the medical care of the VA."

Id. at paragraph 18.

Plaintiff's assertion that his claim is a medical malpractice claim because he was already a patient at the VA is clearly flawed.  Utilizing Plaintiff's logic, his claim for the above-referenced benefits would be barred from judicial review only if he was not a patient at the VA when he made this request because it is considered a request for benefits.  If he was a patient when he made his claim for benefits, as Plaintiff claims, then his claim is a medical malpractice claim.  Taking his argument one step further, medical malpractice claims against health insurance companies would be viable for its denial of requested health care benefits.  Plaintiff is confusing the decision of a physician to recommend or not recommend treatment with the decision of a health care organization to allow or disallow benefits.  This type of argument must clearly be rejected.

To this day, Plaintiff continues to seek additional VA benefits for his gallbladder condition.  On February 16, 2006, the VA denied Plaintiff's request for an increased service-related disability rating based, in part, on his gallbladder condition.  See Rating Decision, a true and correct copy of which

is attached as Exhibit "A" and Notice of Disagreement, a true and correct copy of which is attached hereto as Exhibit "B".

II.  Conclusion

Based on the foregoing, Defendant respectfully requests that the Court grant summary judgment in favor of Defendant and against Plaintiff regarding Plaintiff's claims against the VA.

DATED:   May 1, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

/s/ Edric M. Ching

By_____
  EDRIC M. CHING
  Assistant U.S. Attorney

Attorneys for Defendant

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following at their last known address:
Served Electronically through CM/ECF:

Gary V. Dubin, Esq.                          May 1, 2006
gdubin@dubinlaw.net

Attorney for Plaintiff

DATED: May 1, 2006, at Honolulu, Hawaii.


                                    /s/ Edric M. Ching

                                    _____