# EXHIBIT

# "A"

DEPARTMENT OF VETERANS AFFAIRS
Spark M. Matsunaga VA Regional Office
P. O. Box 29040
Honolulu HI 96820-1440

Kevin J. Milnes

VA File Number
506 64 1299

Rating Decision
February 16, 2006

## INTRODUCTION

The records reflect that you are a veteran of the Vietnam Era and Peacetime. You served in the Army from March 30, 1974 to June 10, 1976. You filed a claim for increased evaluation that was received on March 29, 2004. We grant service connection for a disease or disability that began in military service or was caused by some event or experience in service. A disability which began in service or was caused by some event in service must be considered "chronic" before service connection can be granted. Service connection may also be granted for a disease or injury which resulted from a service-connected disability or was aggravated thereby. Service connection may also be granted for specific diseases or conditions which are presumed to have been caused by service if manifested to a compensable degree following military discharge. Based on a review of the evidence listed below, we have made the following decision(s) on your claim.

A claimant may reopen a finally adjudicated claim by submitting new and material evidence. New evidence means existing evidence not previously submitted to agency decisionmakers. Material evidence means existing evidence that, by itself or when considered with previous evidence of record, relates to an unestablished fact necessary to substantiate the claim. New and material evidence can be neither cumulative nor redundant of the evidence of record at the time of the last prior final denial of the claim sought to be reopened, and must raise a reasonable possibility of substantiating the claim.


EXHIBIT 'A'

Kevin J. Milnes
506 64 1299
Page 2

## DECISION

1. Evaluation of low back disability, which is currently 0 percent disabling, is continued.

2. Service connection for right knee condition is denied.

3. The claim for service connection for hearing loss remains denied because the evidence submitted is not new and material.

4. The claim for service connection for tinnitus remains denied because the evidence submitted is not new and material.

5. The previous denial of service connection for lung condition due to tobacco use in service is confirmed and continued.

6. Service connection for asbestosis is denied.

7. Service connection for heart problems is denied.

8. Service connection for diabetes mellitus is denied.

9. Service connection for gall bladder condition is denied.

10. Service connection for skin condition is denied.

11. Service connection for drug addiction is denied.

12. The claim for service connection for post traumatic stress disorder remains denied because the evidence submitted is not new and material.

13. The previous denial of service connection for bipolar disorder, competent, is confirmed and continued.

## EVIDENCE

- Your letter received on March 1, 2004 with service medical records from period of service from March 30, 1974 to June 10, 1976; letters from various private physicians; VA Form 21-4138 Statement in Support of Claims; copies of VA letters; statements from relatives; Environmental Protective Agency studies; information retrieved from internet; and selected history of 3rd Armored Cavalry Regiment(ACR).
- Letters from Darla J. Lilley, Attorney at Law, of Lawrence, Kansas, received on March 11, 2004 entitled: "Evidentiary submission: Secondary Service Connection"

- (relationship between chronic pain and post traumatic stress disorder); "Evidentiary submission: Hearing Loss Tinnitus;" and "Evidentiary submission: Secondary Service Connection" (prevalence of psychiatric disorder in patients with chronic pain).
- Your letter received on March 22, 2004.
- VA Form 21-4138 Statement in Support of Claim received on March 29, 2004 with your statement dated March 24, 2004; copies of 3rd Armored Cavalry Regiment reports; and copies of various correspondences.
- VA Form 21-4138 Statement in Support of Claim dated March 29, 2004 with documents supporting your claims for service connection for hearing loss and tinnitus.
- VA Form 21-4138 Statement in Support of Claim dated March 24, 2004 from Mrs. Barbara Milnes discussing your smoking habits.
- Letter dated June 7, 2002 from Dr. Eddie T. Solieia of VA Pacific Islands Health Care System, Hawaii.
- Letter dated June 14, 2002 from Dr. Darren F. Gray of Tripler Army Medical Center, Hawaii.
- VA Form 21-4138 Statement in Support of Claim received on June 17, 2004.
- VA Form 21-4138 Statement in Support of Claim received on June 10, 2004 with letter dated May 26, 2004 from Dr. Reid Shamamoto of VA Pacific Islands Health Care System, Hawaii.
- VA Form 21-4138 Statement in Support of Claim received on August 3, 2004.
- VA Form 21-4138 Statement in Support of Claim received on September 10, 2004.
- Your letter dated March 22, 2005 received on May 17, 2005 with following exhibits: "201 File;" Job description of Combat Illustrator; excerpts of 3rd Armored Cavalry Regiment history; excerpts of Military Airlift Command history; service medical records; various statements from physicians; Environmental Protection Agency and Hazardous Material reports; your statement dated September 16, 2001 discussing VA examination; letter dated September 9, 2003 from Dr. Barton Lane of Palo Alto VA Medical Center; VA letters dated May 29, 2003 and May 24, 2004; witness statements; letter dated April 13, 1979 from American Red Cross; copies of school enrollment documents from Austin Community College, Austin, Texas; proof of prior service employment from Social Security Administration; and letter dated April 8, 1998 regarding Video cypher and apparatus patent.
- Disabled American Veteran Memorandum dated may 2, 2002 with attached VA Form 21-4138 Statement in Support of Claim dated April 29, 2002; and "A True Story of My Life or what the Army records are missing" by Kevin Milnes.
- VA letter dated August 22, 2005.
- VA examination conducted by VA Pacific Islands Health Care System, Hawaii on September 16, 2004 with back condition synopsis you provided.
- Treatment records from VA Pacific Islands Health Care System, Hawaii March 16, 2004 to December 21, 2004.
- Description of OPERATION NEW LIFE, retrieved from US Navy internet site.

# REASONS FOR DECISION

## 1. Evaluation of low back disability currently evaluated as 0 percent disabling.

On September 26, 2003, the rating schedule for evaluating spinal conditions was revised. From that date your low back disability is rated under the new criteria. Because your claim was filed prior to the change in rating schedule, we must evaluate your disability using both old and new criteria. We considered both the old and new criteria in evaluating your low back disability. Under both criteria, your evaluation was the same.

We have assigned a 40 percent evaluation for your low back disability based on VA examiner's report that range of motion of your lumbar spine is limited to forward flexion of 20 degrees, extension of 30 degrees, left lateral flexion of 30 degrees, right lateral flexion of 30 degrees, left lateral rotation of 45 degrees, and right lateral rotation of 45 degrees; with a combined range of motion of 200 degrees. Although 40 percent is warranted, previous rating decision dated November 22, 2000 concluded that only 5 percent of your back problem is due to your in service injury. 5 percent of 40 percent disabled back is computed as 2 percent, which is not close to a compensable level. Therefore, your noncompensable evaluation of 0 percent, is continued.

## 2. Service connection for right knee condition.

We have considered but denied service connection for right knee condition because there was no evidence to indicate that right knee condition occurred in nor was caused by service. Review of your service medical records do not show any complaints, treatment, or diagnosis of right knee condition. No permanent residual or chronic disability subject to service connection is shown by the service medical records or demonstrated by evidence within one year following service. Also, no post service treatment records were received to indicate that right knee condition was attributable to your military service. Therefore, your claim for service connection for right knee condition, is denied.

## 3. Service connection for hearing loss.

Our letter dated August 22, 2005 requested that you submit new and material evidence to show that hearing loss occurred in or was aggravated by your active military service. New evidence is evidence that has not been previously considered. Evidence that is merely cumulative and tends to reinforce a previously well-established point is not considered new. Material evidence is evidence that is relevant to the issue of service connection.

Various treatment records and information retrieved from internet sources submitted in connection with the current claim does not constitute new and material evidence because it does not relate to an unestablished fact necessary to substantiate the claim and does not

Kevin J. Milnes
506 64 1299
Page 5

raise a reasonable possibility of substantiating the claim. Therefore your claim for service connection for hearing loss remains denied.

In order to properly reopen your claim, there must be medical evidence that show that hearing loss occurred in or was caused by service. Examples of medical evidence are physician's opinion or treatment records from service or treatment records from within one year of service that show that hearing loss was treated in or due to service.

### 4. Service connection for tinnitus.

Our letter dated August 22, 2005 requested that you submit new and material evidence to show that tinnitus occurred in or was aggravated by your active military service. New evidence is evidence that has not been previously considered. Evidence that is merely cumulative and tends to reinforce a previously well-established point is not considered new. Material evidence is evidence that is relevant to the issue of service connection.

Various treatment records and information retrieved from internet sources submitted in connection with the current claim does not constitute new and material evidence because it does not relate to an unestablished fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim. Therefore your claim for service connection for tinnitus remains denied.

In order to properly reopen your claim, there must be medical evidence that show that tinnitus occurred in or was caused by service. Examples of medical evidence are physician's opinion or treatment records from service or treatment records from within one year of service that show that tinnitus was treated in or due to service.

### 5. Service connection for lung condition due to tobacco use in service.

We have reopened your tobacco claim, claimed as service connection for lung condition and nicotine dependence due to tobacco use in service. Review of your statement and your mother's (Barbara Milnes) statement indicated that you became a chronic chain smoker in service. You and your mother stated that you began smoking in service and that you became nicotine dependent as a result. Review of letter dated May 26, 2004 from Dr. Reid S. Hamamoto reported that you have diagnosis of nicotine dependence and stated that you may have developed nicotine addiction because you smoked for a period of two and a half years in military service. Although your claim has been reopened, VA regulations no longer allow claims for direct or secondary service connection based on tobacco use. Therefore, your claim for service connection for lung condition and nicotine dependence due to tobacco use in service, is denied.

### 6. Service connection for asbestosis as a result of asbestos exposure.

We have considered but denied service connection for asbestosis as a result of silica and asbestos because evidence of record fails to show that your asbestosis was caused by service.

For your information, service connection may be granted for a condition diagnosed after military discharge provided evidence establishes that the condition was caused by service. Service connection may be granted on this basis for a disability related to asbestos exposure during military service if evidence demonstrates that the veteran was actually exposed in service and that a disease usually associated with such exposure resulted.

Review of your service medical records do not show any complaints, treatment, or diagnosis of any silica or asbestos related condition. Review of treatment records from Dr. Elaine M. Imoto dated June 8, 2000 noted diagnosis of asbestosis. Treatment records from Omaha VA Medical center dated April 11, 2002 also noted pleural scarring possible secondary to asbestos exposure. Records do not state that your asbestos exposure occurred in service. Records also do not state that asbestosis is a result of your military service.

You stated that you were exposed to silica and asbestos while assigned to Ft. Bliss, Texas and Ft. Polk, Louisiana. You explained to a physician that while assigned as a scout with the 3rd Armored Cavalry Regiment, you were constantly exposed to dust and particles during maneuvers. You also stated that you clean barracks built in World War Two. Environmental Protection Agency studies you provided noted possible traces of asbestos in both military facilities. Studies noted that asbestos containing materials in floor tiles and exterior siding materials were found in Herbicide storage buildings. While the above may noted asbestos sources. There is no indication that you were exposed to asbestos as part of your normal duties. On the contrary, Social Security Administration records you provided noted that you worked with various construction companies prior to entering active duty, including an insulation company, were your exposure to asbestos was more likely. You also indicated that you were worked with various construction companies and that you also worked as a merchant marine after service. Since there is no evidence that your asbestosis occurred in or was caused by military service, your claim for service connection for asbestosis is denied.

### 7. Service connection for heart problems.

We have considered but denied service connection for heart problems because there was no evidence to indicate that heart problems occurred in nor was caused by service. Review of your service medical records do not show any complaints, treatment, or diagnosis of heart problems. No permanent residual or chronic disability subject to service connection is shown by the service medical records or demonstrated by evidence

within one year following service. Also, no post service treatment records were received to indicate that heart problems were attributable to your military service. Therefore, your claim for service connection for heart problems, is denied.

### 8. Service connection for diabetes mellitus.

We have considered but denied service connection for diabetes mellitus because there was no evidence to indicate that diabetes mellitus occurred in nor was caused by service. Review of your service medical records do not show any complaints, treatment, or diagnosis of diabetes mellitus. No permanent residual or chronic disability subject to service connection is shown by the service medical records or demonstrated by evidence within one year following service. Also, no post service treatment records were received to indicate that diabetes mellitus was attributable to your military service. We could not consider service connection based on presumption because we could not verify any "in country" Vietnam service. Training in preparation to support Operation New Life, the evacuation and processing of Vietnamese refugees does not confirm Vietnam service. Therefore, your claim for service connection for diabetes mellitus, is denied.

### 9. Service connection for gall bladder condition.

We have considered but denied service connection for gall bladder condition because there was no evidence to indicate that gall bladder condition is a "chronic" condition which began in military service or was caused by some event or experience in service. Review of your service medical records do not show any complaints, treatment, or diagnosis for any gall bladder condition. A disability which began in service or was caused by some event in service must be considered "chronic" before service connection can be granted. Review of treatment records noted your gall bladder surgery at Tripler Army Medical Center in 1999. There is no indication that gall bladder condition was attributable to service. Review of VA treatment records noted your frustration with your gall bladder scar. However, records do not show any chronic condition subject to service connection. Therefore, service connection for gall bladder condition, is denied.

### 10. Service connection for skin condition.

We have considered but denied service connection for skin condition, claimed as skin damage, because there was no evidence to indicate that skin condition occurred in nor was caused by service. Review of your service medical records do not show any complaints, treatment, or diagnosis of skin condition due to exposure to chemicals. No permanent residual or chronic disability subject to service connection is shown by the service medical records or demonstrated by evidence within one year following service. Review of treatment records does not indicate that your skin condition was attributable to your military service. Therefore, your claim for service connection for skin condition, is denied.

## 11. Service connection for drug addiction.

We have considered but denied service connection for drug addiction because current regulations do not allow payment of benefits based on individual's personal willful misconduct. Addiction from alcohol, drugs, illegal or otherwise cannot be considered for service connection under current law. Additionally, drug addiction arising out of use for recognized therapeutic purposes, or secondary to, or resulting from a service connected disability cannot be considered for a claim for service connection. Therefore, your claim for drug addiction, is denied.

## 12. Service connection for post traumatic stress disorder.

Our letter dated August 22, 2005 requested that you submit new and material evidence to show that post traumatic stress disorder occurred in or was aggravated by your active military service. New evidence is evidence that has not been previously considered. Evidence that is merely cumulative and tends to reinforce a previously well-established point is not considered new. Material evidence is evidence that is relevant to the issue of service connection.

Various treatment records and information retrieved from internet sources submitted in connection with the current claim does not constitute new and material evidence because it does not relate to an unestablished fact necessary to substantiate the claim and does not raise a reasonable possibility of substantiating the claim. Study between relationship of chronic pain and post traumatic stress disorder was reviewed but could not be considered because it only discusses the relationship between the two conditions and advises clinicians to consider this study's conclusions for treatment purposes. Therefore, your claim for service connection for post traumatic stress disorder remains denied.

For your information, service connection for post traumatic stress disorder requires medical evidence diagnosing the condition; a link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred.

In order to properly reopen your claim, the above must be met. There also must be medical evidence that show that post traumatic stress disorder occurred in or was caused by service.

## 13. Service connection for bipolar disorder, competent as secondary to the service-connected disability of low back disability.

We have considered but denied your claim for service connection for bipolar disorder, also claimed as mental health and depression, as secondary to chronic pain from your service-connected disability of low back disability. Review of your service medical records do not show any complaints, treatment, or diagnosis of any mental health

conditions secondary to chronic pain. Review of various treatment records and information retrieved from internet submitted in connection with the current claim does not show that your mental conditions are due to a service connected condition or due to military service. Study between relationship of chronic pain and post traumatic stress disorder was reviewed but could not be considered because it only discusses the relationship between the two conditions and advises clinicians to consider this study's conclusions for treatment purposes. Therefore, your claim for service connection for bipolar disorder secondary to chronic pain, is denied.

## **REFERENCES:**

Title 38 of the Code of Federal Regulations, Pensions, Bonuses and Veterans' Relief contains the regulations of the Department of Veterans Affairs which govern entitlement to all veteran benefits. For additional information regarding applicable laws and regulations, please consult your local library, or visit us at our web site, www.va.gov.