IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES, | ) | CIVIL NO. 02—00365 BMK |
| | ) | |
| Plaintiff, | ) | MEMORANDUM IN SUPPORT OF |
| | ) | DEFENDANT'S MOTION FOR PARTIAL |
| vs. | ) | SUMMARY JUDGMENT RE: VA CLAIMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR
PARTIAL SUMMARY JUDGMENT RE: VA CLAIMS

I.   INTRODUCTION

Plaintiff filed a First Amended Complaint on November 11, 2002 alleging that Tripler Army Medical Center ("TAMC") provided substandard care to Plaintiff and that the Veterans Administration ("VA") "lack of offer of financial and in-home care, refusal to assist by any means, and refusal to establish additional priorities in managing medical service for my life threatening gall bladder/GI situation on the part of Veterans Administration in violation of 38 U.S.C. Sec. 1151(a)(1)(A), 1710(a)(5)(a), (b), 1705 (b)(2)(3), 38 CFR 1151, 38 CFR 3.154 and 38 CFR 3,800." See First Amended Complaint filed on November 11, 2002.

On April 26, 2006, Defendant filed a Motion To Dismiss, Or In The Alternative For Partial Summary Judgment Re: VA claims ("VA Motion #1") based on this Court not having jurisdiction over this matter because 1) this Court does not have jurisdiction over the denial of claims for VA benefits 2) if the Court finds this

claim is based in tort, then Plaintiff failed to exhaust his administrative remedies.

This motion seeks summary judgment as to Plaintiff's claims against the VA due to Plaintiff's failure to present expert testimony supporting his claim that VA health care providers committed medical malpractice by providing substandard health care.

This motion is filed, in an abundance of caution, in the event that the Court denies VA Motion #1 and finds that Plaintiff's claim against the VA for failing to provide him with care is a "medical malpractice" claim.  If the Court grants VA Motion #1, this motion is moot and it will be withdrawn.[1]

## II.   STATEMENT OF FACTS

Plaintiff asserts that his claims against the VA are "medical malpractice" claims and not a claim for benefits.  To date, Plaintiff has not submitted Rule 26 disclosures alleging that VA health care providers were negligent[2].  The deadline for Plaintiff to submit his expert disclosures pursuant to Rule 26 was April 24, 2006.

## III.  ARGUMENT

---

[1] Defendant did not include this argument in VA Motion #1 because the Rule 26 expert disclosure deadline had yet to pass when VA Motion was prepared.

[2] Plaintiff has submitted an expert report from Peter Halford, M.D. which discusses the care received by Plaintiff from the Tripler Army Medical Center.

A.   <u>The Summary Judgment Standard</u>

Summary judgment is properly granted when the district court, viewing the facts in the light most favorable to the nonmoving party, finds that there are no genuine issues of material fact[3] and that the moving party is entitled to summary judgment as a matter of law.  Fed. R. Civ. P. 56).  One of the principal purposes of the summary judgment procedure is to identify and dispose of factually unsupported claims and defenses.  <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323-24 (1986).  The standard for a grant of summary judgment reflects the standard governing the grant of a directed verdict.  <u>See Eisenberg v. Ins. Co. of North America</u>, 815 F.2d 1285, 1289 (9th Cir. 1987) (<u>citing</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 250 (1986)).  Thus, the question is whether "reasonable minds could differ as to the import of the evidence."  <u>Anderson</u>, 477 U.S. at 250-51.  All evidence and inferences to be drawn therefrom must be construed in the light most favorable to the nonmoving party.  <u>T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n</u>, 809 F.2d 626, 630-31 (9th Cir. 1987).

The United States Supreme Court has declared that summary judgment must be granted against a party who fails to demonstrate facts to establish an element essential to his case where that party will bear the burden of proof of that essential element at

---

[3] There is no genuine issue of material fact if "the evidence is of insufficient caliber or quantity to allow a rational finder of fact" to find for the nonmoving party.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 254 (1986).

trial.  Celotex, 477 U.S. at 322.  The Supreme Court noted that a failure of proof regarding an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  Id. at 322-23.  The moving party is not required to negate those portions of the nonmoving party's claim on which the nonmoving party bears the burden of proof.  Id. at 323.

The Ninth Circuit has declared that "[n]o longer can it be argued that any disagreement about a material issue of fact precludes the use of summary judgment."  California Architectural Bldg. Prod., Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466, 1468 (9th Cir. 1987).  "If the party moving for summary judgment meets its initial burden of identifying for the court the portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact [citations omitted], the nonmoving party may not rely on the mere allegations in the pleadings in order to preclude summary judgment."  T.W. Elec. Serv., 809 F.2d at 630.  Rather, Rule 56(e) requires that the nonmoving party set forth, by affidavit or as otherwise provided in Rule 56, specific facts showing that there is a genuine issue for trial.  Id.  At least some "significant probative evidence[4] tending to support the complaint" must be produced.[5]  Id.

---

[4] Legal memoranda and oral argument are not evidence and do not create issues of fact capable of defeating an otherwise valid motion for summary judgment.  British Airways Board v. Boeing Co., 585 F.2d 946, 952 (9th Cir. 1978).

[5] The United States Supreme Court has stated that "[w]hen the moving party has carried its burden under Rule 56(c), its

B.  Hawaii Malpractice Law Requires Expert Testimony To Establish Negligence Claims

The State of Hawaii generally follows the common law of torts. Rodrigues v. State, 52 Haw. 156 (1970), Figueroa v. State, 61 Haw. 369 (1979). Under Hawaii case law, a physician practicing medicine must meet the standard of care usually found in the medical community. McBride v. United States, 462 F.2d 72 (9th Cir. 1972). Under Hawaii law, the elements of a typical negligence claim are: (1) existence of a duty or obligation, recognized by law, requiring a defendant to conform to a certain standard of conduct for the protection of others against unreasonable risks; (2) a failure by the defendant to conform to the required standard, or a breach of the duty; (3) actual loss or injury resulting to the interests of another; and (4) a reasonably close causal connection between the conduct and the resulting injury. Knodle v. Waikiki Gateway Hotel, Inc., 69 Haw. 376, 384-85, 742 P.2d 377, 383 (1987).

In Hawaii, in a medical malpractice suit, the question of negligence must be decided by reference to relevant medical standards of care for which a plaintiff carries the burden of

---

opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Indeed, "if the factual context makes the nonmoving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." Franciscan Ceramics, 818 F.2d at 1468 (emphasis in original)(citing Matsushita, 475 U.S. at 587).

proving through expert medical testimony and the plaintiff must also produce medical expert testimony showing that the applicable standard of care was breached.  Craft v. Peebles, 78 Haw. 287, 298-299, 893 P.2d 138, 149-150 (1995), Carr v. Strode, 79 Haw. 475, 904 P.2d 489 (1995).

> C. Plaintiff Has Failed To Present Any Expert Testimony Asserting Any That VA Health Care Provider Was Negligent

Defendant asserts that Plaintiff's claims against the VA arise out of his request for VA benefits.  Thus, this Court lacks jurisdiction to review a denial of VA benefits.  If the Court finds that Plaintiff's claims against the VA are grounded in tort, then this case should be dismissed due to Plaintiff's failure to exhaust his administrative remedies.  In the alternative, if the Court finds that Plaintiff's claims against the VA are grounded in tort and Plaintiff exhausted his administrative remedies, then his claims against the VA should be dismissed due to his failure to present expert testimony alleging negligent actions by VA health care providers in caring for Plaintiff.

Plaintiff has not submitted any Rule 26 expert disclosures regarding the care received by Plaintiff at the VA.  Plaintiff has only submitted an expert disclosure from Peter Halford, M.D. regarding the care received by Plaintiff from the Tripler Army Medical Center.

The deadline for Plaintiff to submit his Rule 26 expert reports was April 24, 2006 and Plaintiff is barred from

submitting any expert disclosures regarding the care he received from the VA.  Based on the failure of Plaintiff to present any expert testimony alleging that any VA health care providers provided substandard care by the Court-imposed deadline, his claim against the VA must be dismissed.

IV. CONCLUSION

For all of the reasons stated above, the United States respectfully urges the Court to enter summary judgment in favor of the United States regarding Plaintiff's claims against the VA.

DATED:   May 12, 2006, at Honolulu, Hawaii.

>EDWARD H. KUBO, JR.
>United States Attorney
>District of Hawaii
>
>/s/ Edric M. Ching
>By_____
>  EDRIC M. CHING
>  Assistant U.S. Attorney
>
>Attorneys for Defendant
>UNITED STATES OF AMERICA