IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES | ) | CIV NO. 02-00365 BMK |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING |
| | ) | DEFENDANT'S MOTION TO |
| vs. | ) | DISMISS OR, IN THE |
| | ) | ALTERNATIVE, FOR SUMMARY |
| TRIPLER ARMY MEDICAL | ) | JUDGMENT RE: VA CLAIMS |
| CENTER; VETERANS | ) | AND DENYING DEFENDANT'S |
| ADMINISTRATION; and UNITED | ) | MOTION FOR PARTIAL |
| STATES OF AMERICA, | ) | SUMMARY JUDGMENT RE: VA |
| | ) | CLAIMS FOR MOOTNESS |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS OR, IN THE
ALTERNATIVE, FOR SUMMARY JUDGMENT RE: VA CLAIMS AND
DENYING DEFENDANT'S MOTION FOR PARTIAL SUMMARY
JUDGMENT RE: VA CLAIMS FOR MOOTNESS

Before the Court are Defendant United States of America's Motion to

Dismiss or, in the Alternative, for Summary Judgment Re:  VA Claims and

Motion for Partial Summary Judgment Re: VA Claims.  After careful consideration

of both Motions, the Court  hereby GRANTS Defendant's Motion to Dismiss or, in

the Alternative, for Summary Judgment Re: VA Claims and orders that all claims

against the Department of Veteran's Affairs be DISMISSED.  Because all claims

against the Department of Veterans Affairs are dismissed, Defendant's second

motion, the Motion for Partial Summary Judgment Re: VA Claims, is rendered

moot, and is hereby DENIED.

## FACTUAL BACKGROUND

Plaintiff Kevin Milnes ("Milnes") is a military veteran who has

received care and benefits for many years from Defendant Veteran's

Administration ("the VA").  In June of 1999, the VA referred Milnes to Defendant

Tripler Army Medical Center ("TAMC") for gall bladder surgery.  On June 14,

1999, TAMC removed Milnes' gall bladder.  Milnes sustained a number of

complications related to the surgery, and returned to the hospital several times in

June and July of 1999.  Milnes claims that ever since the surgery, he has

experienced continued complications, and that the surgery has left him totally and

permanently disabled.  Milnes submitted numerous forms and letters to the VA and

Tripler complaining of these injuries and requesting additional care, benefits, and

compensation.

Milnes appears to have first written to the VA on July 7, 1999,

complaining that TAMC doctors had recommended to him a bleach-based cleaning

solution, despite his documented allergy to bleach.  He requested that the VA help

him get a second opinion at another hospital.

On July 27, 1999, Milnes sent a second letter to the VA stating that he wished to file a claim of medical malpractice "for Tripler's pouring bleach into my allergic wound" and for severing the nerves in his lower stomach. (Pl.'s Concise Statement, Ex. 4).

On January 20, 2000, Milnes submitted to the VA a Standard Form 95 ("SF-95"), claiming injury. Milnes listed the basis of his claim as "Incorrect surgery due to massive infection of time, delay of dead gall bladder and dehessive [sic] opening and pouring a[n] allergic supstance [sic] into wound causing more problems listed in letters already forwarded." (Pl.'s Concise Statement, Ex. 2.)

In response to this SF-95, VA Regional Counsel Miles Miyamoto ("Miyamoto") sent Milnes a letter on January 21, 2000, advising him that the VA did not deem Milnes SF-95 as presenting a claim for damages or injury to the VA because (1) "it [did] not provide written notification of any negligent or wrongful act or omission of an employee of the VA acting within the scope of his or her employment," and (2) "it [did] not state a claim for money damages." (Pl.'s Concise Statement, Ex. 5.)

Milnes then prepared a second SF-95, dated January 24, 2000. This second SF-95 did include a claim for money damages in the amount of $2,000,000.

It did not, however, identify any negligent wrongful act or omission of a VA employee.[1]

On June 25, 2001, Milnes filed an additional Statement in Support of Claim with the VA, in which he informed the VA of his "recurring medical problem from surgery that I had in June 1999." (Pl.'s Concise Statement, Ex. 7.) He filed another Statement in Support to the VA on October 18, 2002, pleading with the VA for assistance and relief.  On November 7, 2002, Milnes similarly requested additional assistance from the VA in yet another Statement in Support of Claim.  None of these additional statements filed with the VA named any particular wrongful act by the VA, or by any VA employee.

<u>STANDARDS OF REVIEW</u>

A motion to dismiss should not be granted on the pleadings "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980) (citations omitted).   Review is limited to the contents of the complaint and any attached exhibits.  <u>Parks School of Bus., Inc., v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  Allegations of fact in the complaint must be

---

[1]This claim was received by both the Department of the Army and by the VA.  The Department of the Army has accepted this second SF-95 as giving it sufficient notice of Milnes' claims.

taken as true and construed in the light most favorable to the nonmoving party.  Id.; Ernest W. Hahn, Inc. v. Codding, 615 F.2d 830, 834-35 (9th Cir. 1980).

When the motion to dismiss is a factual attack on subject matter jurisdiction, however, no truthfulness attaches to the plaintiff's allegations and the court is not restricted to the face of the pleadings, but may review evidence such as affidavits and testimony to resolve factual disputes concerning the existence of jurisdiction.  Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979); McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

A motion for summary judgment may not be granted unless the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  See Fed. R. Civ. P. 56(c).  In assessing whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000). In deciding a motion for summary judgment, the court's function is not to try issues of fact, but rather, it is only to determine whether there are issues to be tried. Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a

5

material issue of fact, summary judgment is improper.   See T.W. Elec. Serv., Inc.

v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary

judgment must be denied if a rational trier of fact might resolve the issue in favor

of the non-moving party).

<u>DISCUSSION</u>

Through the two motions before the Court, the United States seeks to

have the claims against the VA dismissed on three separate grounds.  In its first

motion, the Motion to Dismiss or, in the Alternative, for Summary Judgment Re:

VA Claims, the United States asserts (1) that the Court lacks jurisdiction over

claims against the VA because Milnes' claims are for the denial of benefits, not tort

claims, and (2) that if Milnes' claims are tort claims, he failed to administratively

exhaust them.  In its second motion, the Motion for Summary Judgment Re: VA

Claims, the United States argues that even if the Court does have jurisdiction, and

even if Milnes' claims were administratively exhausted, that they must be

dismissed because Milnes' lack of expert testimony renders it impossible him to

recover for medical malpractice.

The Court finds that Milnes' claims are for alleged torts, not merely

for the denial of benefits.  The Court also finds that Milnes failed to

administratively exhaust these claims as required by the Federal Tort Claims Act

("FTCA").  Thus, the United States has not waved its sovereign immunity with respect to Milnes' claims against the VA and so the Court does not have jurisdiction over this controversy with respect to the VA claims.   Those claims are hereby DISMISSED.  The Court need not decide the United States' second motion because it is rendered moot by the dismissal of all claims against the VA. Therefore, the May 12 motion is DENIED.

I.      SUBJECT MATTER JURISDICTION: BENEFITS OR TORT CLAIM

District courts do not have jurisdiction to review decisions of the VA regarding veterans' benefits.  Teitjen v. United States Veterans Admin., 884 F.2d 514, 515 (9th Cir. 1972).  Congress has mandated that "the decision of the Secretary as to any such question [regarding the provision of benefits] shall be final and conclusive and may not be reviewed by any other official or by any court."  38 U.S.C. § 511 (2000).

Here, the United States contends that Milnes' claims against the VA are claims that the VA has deprived him of specific benefits, not that the VA committed any tort against him.  Milnes disagrees, and states that the VA committed medical malpractice by failing "to provide needed, follow-up medication, home nursing care, and infection specialists" while he was an out-

patient under the care of the VA. (Milnes Decl., filed April 24 as part of Pl.'s

Concise Statement, at ¶ 17.)

The Court finds that Milnes does claim more than just the denial of

benefits. In Hawaii, to make a claim of medical malpractice, a plaintiff must show:

"(1) the duty and standard of care; (2) negligent breach of the standard of care; and

(3) injuries proximately caused by the negligence." <u>Bynum v. Magno</u>, 125 F.

Supp. 2d 1249, 1258 (D. Haw. 2000).

Here, Milnes claims in his complaint that (1) the VA owed him a duty

of care after his operation, (2) that it negligently breached that duty, (3) causing

him harm. Milnes is presenting tort claims to this court, not merely requests to

review benefits.

## II.    SUBJECT MATTER JURISDICTION: EXHAUSTION REQUIREMENTS OF THE FTCA

Although Milnes does make a general  assertion of tort claims, he

does not now identify any particular tortious conduct by any particular VA

employee. Similarly, neither did Milnes identify any tortious conduct by any

individual VA employee in the administrative claims he submitted to the VA.

Therefore, Milnes' administrative claims were never adequately presented to the

VA because they did not give the VA sufficient notice of the tortious conduct of its

8

employees. This Court thus lacks subject matter jurisdiction over Milnes' claims against the VA, and the claims must be dismissed.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, waives the United States' sovereign immunity for suits against employees of the United States for tortious acts they do within the scope of their office or employment. 28 U.S.C. § 1346(b). Specifically, section 1346(b) grants district courts jurisdiction they would not otherwise have over such claims. See id. However, no claim may be brought against the United States under the FTCA "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing . . . ." 28 U.S.C. § 2675(a).

A claimant presents his claim to the appropriate federal agency when he (1) files with the agency "a written statement sufficiently describing the injury to enable the agency to begin its own determination," and (2) by stating the "sum certain" of damages he claims. Warren v. U.S. Dep't of Interior Bureau of Land Mgmt., 724 F.2d 776, 780 (9th Cir. 1984). Where these two requirements are not met, district courts do not have jurisdiction over such claim. See id. at 776.

Here, Milnes did not meet the administrative exhaustion requirements of the FTCA because he did not sufficiently describe how he was injured by the

VA.  While Milnes presented many written statements to the VA, these statements describe only how Milnes was injured by TAMC, not how Milnes was injured by the VA.

Milnes argues that he need not name individual employees to meet the requirements of 28 U.S.C. § 2675(a).  For this proposition, he relies on Reynoso v. United States, 537 F. Supp 978 (N.D. Cal. 1982).  This reliance is misplaced, however.  In Reynoso, the plaintiff had been hospitalized at a VA hospital where he incurred his injuries.  Id. at 979.  There was no question that he had been under the direct care of VA employees when he was allegedly injured.  See id.  All the plaintiff in Reynoso lacked were the names of those particular employees.  Id. Moreover, the VA had access to its own records regarding the plaintiff's hospitalization, and so "the VA possessed sufficient information to enable it to investigate plaintiff's claim."  Id.

Here, on the other hand, Milnes was not treated at a VA hospital.  The injuries he alleges appear to have occurred while he was under the care of TAMC, not the VA.  Although Milnes states that he was under the care of the VA as an outpatient after his surgery, he provides no factual support for this assertion.  Just because the VA referred Milnes to TAMC does not leave the VA with a continuing duty of care towards him.  It is not the case here that Milnes has merely failed to

state the names of the VA employees involved in causing him injury; rather, Milnes

has failed to elucidate a theory under which *any* VA employee could be liable to

him for medical malpractice.  Unlike the situation in <u>Reynoso</u>, the VA here has not

been given sufficient notice of Milnes' claim against it to allow the agency to

investigate the claim.  Simply put, Milnes has not provided the VA with a

cognizable claim to investigate.  Accordingly, Plaintiff failed to exhaust his

administrative remedies and so this Court is without jurisdiction over those claims

against the VA.  All claims against the VA are hereby DISMISSED.

III.    LACK OF EXPERT TESTIMONY

In its second motion, the Motion for Partial Summary Judgment Re:

VA Claims, the United States asks that the claims against the VA be dismissed

because Milnes failed to designate any expert witnesses prior to the expert witness

deadline.  Under Hawaii law, expert witnesses are required to prove medical

malpractice.  <u>Bynum</u>, 125 F.Supp.2d at 1258.  The Court need not decide this

motion because it is rendered moot by the Court's dismissal of all claims against the

VA on the basis of Milnes' failure to exhaust his administrative remedies.  The

Motion for Partial Summary Judgment Re: VA Claims is therefore DENIED for

mootness.

11

<u>CONCLUSION</u>

For the foregoing reasons, the Court hereby GRANTS Defendant's

Motion to Dismiss, or in the Alternative, Motion for Partial Summary Judgment re:

VA Claims and DENIES on the grounds of mootness Defendant's Motion for

Partial Summary Judgment re: VA Claims.  All claims against the VA are hereby

DISMISSED.

IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
 Dated: March 22, 2007

<u>Milnes v. Tripler Army Medical Center et al.</u>; Civ No. 02-00365 BMK; ORDER GRANTING
DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY
JUDGMENT RE: VA CLAIMS AND DENYING DEFENDANT'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RE: VA CLAIMS FOR MOOTNESS.