IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KEVIN MILNES,<br><br>    Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | )  CIVIL NO. 02-00365 BMK<br>)<br>)  DECLARATION OF GARY VICTOR<br>)  DUBIN<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF GARY VICTOR DUBIN

I, GARY VICTOR DUBIN, DECLARE:

1. Declarant is admitted to practice law in this United States District Court, Declarant is Plaintiff's counsel in this action, and Declarant makes the within statements of Declarant's own personal firsthand knowledge.

2. On July 5, 2006, the Government filed an untimely "Supplemental Memorandum in Support of Defendant's Motion for Partial Summary Judgment," in which it claimed that Plaintiff had not responded to its First Request for Admissions, as a result of which it declared the matters therein admitted.

3. Although the Government has not raised that claim in its current motion papers, out of abundant caution Declarant now addresses that claim.

4. On July 6, 2006, Declarant wrote to the Court, objecting to that July 5, 2006, submission and requesting that opposing counsel withdraw that claim for the reasons stated therein, a true and correct copy of which is set forth for the record in Exhibit 9 attached hereto.

5. Plaintiff did fully respond to said admissions request, a true and correct copy of which is set forth for the record in Exhibit 10 attached hereto.

6. Plaintiff's responses were surely not new to the Government, which can hardly claim any prejudice, since ten months earlier the Government had received Plaintiff's Response to its First Request for Answers to Interrogatories, a true and correct copy of which is set forth for the record in Exhibit 11 attached hereto, and since seven months earlier the Government had taken Plaintiff's oral deposition, the official transcript of which is set forth for the record in Exhibit 12 attached hereto – at both of which times the Plaintiff fully testified as to all of the matters set forth in the subsequent admissions request.

7. Finally, federal case law clearly opposes the drastic remedy of deeming admissions admitted in such circumstances, United States ex rel. Wiltec Guam, Inc. v. Kahaluu Construction Co., 857 F.2d 600, 603 (9th Cir. 1988); in Bergemann v. United States, 820 F.2d 1117, 1121 (10th Cir. 1987), that Court of Appeals, for instance, held that "both the response to Bergemann's motion for summary judgment and the recorded pre-trial hearings in this case were, in essence, [impliedly] motions to withdraw the admissions."

I Declare Under Penalty Of Perjury Under The Laws Of The United States Of America That The Foregoing Is True And Correct. Executed At Honolulu, Hawaii, On April 16, 2007.

_____
GARY VICTOR DUBIN