# EXHIBIT 9

| **Dubin Law Offices** | 55 Merchant Street<br>Suite 3100, Harbor Court<br>Honolulu, Hawaii 96813<br><br>(808) 537-2300   (808) Dubin Law<br>Facsimile (808) 523-7733<br>Toll Free (888) Dubin Law<br>Writer's E-Mail: gdubin@dubinlaw.net<br>www.dubinlaw.net |
|---|---|

July 6, 2006

HAND DELIVERED                                          FILE COPY

The Honorable Barry M. Kurren
United States Magistrate Judge
Federal Courthouse
300 Ala Moana Boulevard
Honolulu, Hawaii 96850

    Re: Kevin Milnes v. United States, Civil No. 02-00365 BMK

Dear Judge Kurren:

    I received in the mail today an unfiled copy of Defendant's "Supplemental Memorandum in Support of Defendant's Motion for Partial Summary Judgment," apparently filed yesterday by the Government in the above-entitled case.

    I am writing, first of all, to object to the filing and the consideration of this "Supplemental Memorandum," since the referenced motion was taken under advisement on June 20, 2006 (docket entry no. 83), the last date given the Government for the filing of any "Reply to the Opposition" (and no reply paper was ever served on my office by that date, and I therefore presumed was never filed).

    Ironically, in the same paper that the Government, by its present filing, is violating this Court's submission Order, the Government now wishes to have the matters in its "Request for Admissions" -- which it references in and attaches to its "Supplemental Memorandum" -- deemed "admitted," because Plaintiff's response has been a few days late.

    The truth is that opposing counsel was notified earlier this week, which notice he makes oblique reference to, without more, in his supporting Declaration, when the response to admissions was not yet overdue, that I had had a lingering flu for nearly three weeks, had spent the weekend in bed, and would be appreciative of a few extra days for responding to his request for admissions.

**DUBIN LAW OFFICES**
The Honorable Barry M. Kurren, July 6, 2006

---

As the Court knows, this Court has adopted the *Hawaii Rules of Professional Conduct* (Local Rule 83.3) as governing the conduct of attorneys practicing before it.

Additionally, the Hawaii Supreme Court has recently augmented those Rules by enacting into law the Hawaii Supreme Court's *Guidelines of Professional Courtesy and Civility*; the relevant section covering the granting of extensions is herewith attached.

By a copy of this letter I am requesting opposing counsel to withdraw his "Supplemental Memorandum," *supra*, and to allow me a few days extension for responding to his request for admissions which were due but two court days ago.

Otherwise, I will necessarily have to file various motions to strike that "Supplemental Memorandum" and to request that this Court accept my client's response to said request for admissions -- time and trouble and expense that the parties and certainly this Court should surely desire to avoid.

                                            Very truly yours,
                                            /s/ Gary Victor Dubin

GVD/o                                  Gary Victor Dubin
enclosure

<u>copy with enclosure to</u>:
Edric M. Ching, Esq.

# GUIDELINES OF PROFESSIONAL COURTESY AND CIVILITY

### Section 2: Continuances and Extensions of Time

Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected.

Specifically, a lawyer who manifests professional courtesy and civility:

a. Agrees to reasonable requests for extensions of time or continuances without requiring motions or other formalities.

b. Considers any reasonable request for time in light of the need for prompt resolution of matters, the consideration which should be extended to an opponent's professional and personal schedule, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

c. Does not regularly engage in the strategy of not agreeing to reasonable requests for time extensions simply to appear "tough."

d. Does not seek extensions or continuances for the purpose of harassment or extending litigation.

e. Does not condition agreement to an extension on terms which alter the rights of the parties in the litigation, such as the right to move against a complaint.

f. Agrees to reasonable requests for extensions of time when new counsel is substituted in for prior counsel.

# GUIDELINES OF PROFESSIONAL COURTESY AND CIVILITY

**Section 2: Continuances and Extensions of Time**

Consistent with existing law and court orders, a lawyer should agree to reasonable requests for extensions of time when the legitimate interests of his or her client will not be adversely affected.

Specifically, a lawyer who manifests professional courtesy and civility:

a. Agrees to reasonable requests for extensions of time or continuances without requiring motions or other formalities.

b. Considers any reasonable request for time in light of the need for prompt resolution of matters, the consideration which should be extended to an opponent's professional and personal schedule, the opponent's willingness to grant reciprocal extensions, the time actually needed for the task, and whether it is likely a court would grant the extension if asked to do so.

c. Does not regularly engage in the strategy of not agreeing to reasonable requests for time extensions simply to appear "tough."

d. Does not seek extensions or continuances for the purpose of harassment or extending litigation.

e. Does not condition agreement to an extension on terms which alter the rights of the parties in the litigation, such as the right to move against a complaint.

f. Agrees to reasonable requests for extensions of time when new counsel is substituted in for prior counsel.