

U.S. Department of Justice

United States Attorney
District of Hawaii

PJKK Federal Building  
300 Ala Moana Blvd., Room 6-100  
Honolulu, Hawaii 96850

(808) 541-2850  
FAX (808) 541-2958

August 16, 2006

Gary V. Dubin, Esq.  
55 Merchant Street, Suite 3100  
Honolulu, HI 96813

    Re:  Milnes v. TAMC, et al.  
          Civil No. 02-00365 HG BMK

Dear Mr. Dubin:

    I am writing with regard to Plaintiff's response to our request for admissions that was submitted along with your August 7, 2006 correspondence. Before I comment on Plaintiff's response, please note that our position that the matters contained in the response to admissions are deemed admitted due to Plaintiff's failure to respond within thirty days, as specified in Rule 36, FRCP, has remained unchanged at this point. Accordingly, our comments regarding Plaintiff's responses to our request for admissions do not serve as a waiver on this issue.

    As you know, Rule 36, FRCP, provides in part:

> "A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specifically specify how much of it is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for its failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny..."

Gary V. Dubin, Esq.
August 16, 2006
Page 2

In this case, Plaintiff has made numerous responses which are not sufficient. Some of these insufficient responses are described below.

1. Request #4: Admit that during the mid-morning of June 15, 1999, Plaintiff was administered Zosyn, a broad-based antibiotic.

   Plaintiff denied his request based on his personal recollection and his review of Tripler Generate Shift Care Report. As noted in the instructional page for the requests for admissions, "all responses to these requests shall be deemed to reflect the knowledge of Plaintiff, his agents and attorneys."

   Plaintiff's response is incomplete because it only discusses his recollection of whether he received Zosyn during the mid-morning of June 15, 1999 and his review of one of many Tripler Army Medical Center ("TAMC") reports and not the knowledge of his experts and his attorneys. If there is no other basis for this response other than his recollection and his review of Tripler Generate Shift Care Report for denying this Request and none of Plaintiff's experts and witnesses will offer any additional testimony on this issue, please state so in writing.

2. Request #5: Admit that at approximately 1:20 p.m. on June 15, 1999, a cholecystectomy procedure was performed on Plaintiff

   Plaintiff denied this request but did not address the timing of the cholecystectomy in his response. Rather, he referenced his admission to TAMC. Plaintiff clearly failed to meet the substance of the requested admission. It is respectfully requested that the denial be amended to conform with Rule 36, FRCP.

3. Admission #17: Admit that during the Second Hospitalization, Plaintiff left the TAMC facility against the advice of TAMC personnel.

   Plaintiff denied the Admission in the entirety. In his response, he denied that his exit from TAMC was against medical advice. However, he does indicate that he was "absent for one hour." This response is not consistent with his denial that he left the TAMC facility and this response must be amended to conform with Rule 36, FRCP.

Gary V. Dubin, Esq.
August 16, 2006
Page 3

4.  Admission #24: Admit that the standard of care in Hawaii for the timing of cholecystectomy procedures is to perform the procedure within seventy-two hours of a patient's admission into a health care facility.

Plaintiff denies this request based on his "personal opinion" and also states that he is "not aware of the 72-hr waiting period/leeway." Although Plaintiff acknowledged in his response that he was not a physician and not qualified to make opinions regarding standards of care, the instructional page for the requests for admissions clearly stated that "all responses to these requests shall be deemed to reflect the knowledge of Plaintiff, his agents and attorneys, if any."

Thus, to answer these admissions, the knowledge of Plaintiff's attorney and his experts/agents must also be reflected. If Plaintiff's expert will not render an opinion as to this issue, then this response is sufficient. Please advise me of your intention to amend this response.

Please inform me as to Plaintiff's position regarding the issues raised in this correspondence by August 29, 2006. I appreciate your continued cooperation and courtesy in this matter. Thank you for your attention to this matter.

Very truly yours,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By *(signature)*
EDRIC M. CHING
Assistant U.S. Attorney

EMC:emc