IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES | ) | CIV NO. 02-00365 BMK |
| | ) | |
| Plaintiff, | ) | ORDER RE DEFENDANT'S |
| | ) | MOTION FOR SUMMARY |
| vs. | ) | JUDGMENT |
| | ) | |
| TRIPLER ARMY MEDICAL | ) | |
| CENTER; VETERANS | ) | |
| ADMINISTRATION; and UNITED | ) | |
| STATES OF AMERICA, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

On Friday, April 27, the Court heard a motion for partial summary judgment filed by Defendant United States of America ("Defendant"). This motion seeks judgment on all of Plaintiff Kevin Milnes' ("Milnes") remaining claims in this case, namely, those claims against Tripler Army Medical Center ("TAMC").

Under Hawaii law, expert testimony is required to prove medical malpractice. Craft v. Peebles, 78 Haw. 287, 298 (1995). Defendant met its initial burden of showing a lack of any genuine issues of material fact through its designated experts. In response, Milnes submitted a letter from his designated

expert, Dr. Peter Halford, to Milnes' attorney outlining several possible breaches of the standard of care by TAMC.  The contents of Dr. Halford's statements indicate that there are very likely genuine issues of material fact remaining in this case.  First, Dr. Halford states that in his review of the records, "there was no documentation of [pre-operative] antibiotic being administered before the surgical procedure . . . ." and that "if this is true it is a breach of the standard."  (Pl.'s Concise Statement, Ex. 7.)  Second, Dr. Halford states that he "was not able to locate any culture reports" identifying bacteria that were present in Milnes' wounds, and that "[w]ithout any culture identification one is led to believe that an inappropriate antibiotic may well have been selected and thus led to his subsequent problems."  (Pl.'s Concise Statement, Ex. 7.)  Third, Dr. Halford states that TAMC's order directing Milnes to use Dakin's solution was "[a] definite negligent action." (Pl.'s Concise Statement, Ex. 7.)  Based on these opinions by Dr. Halford, the Court is inclined to deny Defendant's motion for summary judgment.

The Court recognizes, however, that Defendant has raised some legitimate concerns regarding the bases on which Dr. Halford formed his opinions, and consequently, concerns about the admissibility of these opinions under Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 590 (1993).  Therefore, the Court will grant Defendant an additional 60 days to depose Dr. Halford and submit

supplemental briefing to show that Dr. Halford's opinions do not raise any genuine issues of material fact. Milnes may also submit a supplemental brief on this topic. The briefs may not exceed 15 pages in length, exclusive of any attachments or exhibits, and are due by **August 16, 2007**.

        IT IS SO ORDERED.



/s/ Barry M. Kurren
United States Magistrate Judge
Dated: May 15, 2007

<u>Milnes v. United States of America</u>; Civ. No. 02-365 BMK; ORDER RE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT.