EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

EDRIC M. CHING #6697
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-3752
E-mail: edric.ching@usdoj.gov

Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KEVIN MILNES, | ) | CIVIL NO. 02—00365 BMK |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S FINAL PRETRIAL |
| | ) | STATEMENT; CERTIFICATE OF |
| vs. | ) | SERVICE |
| | ) | |
| UNITED STATES OF AMERICA, | ) | DATE:  August 14, 2007 |
| | ) | TIME:  9:00 a.m. |
| Defendant. | ) | JUDGE: Barry M. Kurren |
| _____ | ) | |

DEFENDANT'S FINAL PRETRIAL STATEMENT

Comes now defendant, United States of America, by and through its undersigned counsel, and hereby makes its Pretrial Statement pursuant to Rule 16.6, Local Rules of the United States District Court for the District of Hawaii.

(a)  PARTY

This pretrial statement is submitted on behalf of defendant United States of America.

    (b)   <u>JURISDICTION</u>

Defendant agrees that this Court has jurisdiction over this FTCA matter and that venue rests in the district. The Court lacks jurisdiction over any non-FTCA counts unless plaintiffs demonstrate an express waiver of sovereign immunity.

    (c)   <u>SUBSTANCE OF ACTION</u>

Plaintiffs allege that the defendant is liable under the FTCA for the tort of negligent care of Plaintiff Kevin Milnes ("Plaintiff") at the Tripler Army Medical Center, Hawaii.

    (d)   <u>UNDISPUTED FACTS</u>

Plaintiff entered the Veterans Administration Clinic on June 14, 1999 complaining of stomach pain. He was taken to the Tripler Army Medical Center during the late afternoon/early evening of June 14, 1999.

At the time of his admission, Plaintiff was 5'11" and weighed approximately 250 pounds. He was a long time smoker and had a history of emphysema and other pulmonary problems.

After diagnostic tests revealed the strong possibility of acute cholecystitis, Zosyn, a broad-based antibiotic was administered to Plaintiff at approximately 9:20 a.m. on June 15, 1999. Plaintiff underwent a procedure to remove his gallbladder on June 15, 1999 at approximately 1:20 p.m and the procedure concluded at approximately 5:53 p.m. The gallbladder was not cultured upon its removal.

Zosyn was administered to Plaintiff at approximately 8:00 p.m. on June 15, 1999 and given every six hours thereafter until June 18, 1999.

Plaintiff's white blood cell count, a clear indication of infection, was elevated prior to and shortly after the gallbladder procedure but quickly decreased to normal levels. Plaintiff's white blood cell counts during his first hospital stay is as follows (the normal range is approximately 3.9-10.6):

| Date of Collection | WBC Count |
| --- | --- |
| 6/14 | 17.6 |
| 6/15 (5:24 a.m. - pre-op) | 13.6 |
| 6/16 | 15.6 |
| 6/17 | 9.8 |
| 6/18 | 6.7 |
| 6/19 | 6.3 |

The physical findings were also consistent with no infection being present. More specifically, there was no evidence of pus, purulent drainage or red streaking associated with infected wounds. On June 17, 1999, one to two centimeters of erythema, normal for a healing wound, was noted around the surgical wound and Plaintiff did not have a fever. At the time of his June 19, 1999 discharge, no drainage was noted from his wound.

When examined by Dr. Cirangle on June 23, 1999, the wound was noted to be clean and dry and appeared to be healing normally. During the late evening of June 23, 1999, Plaintiff coughed and his surgical wound opened.

When examined on June 24, 1999 at the TAMC emergency department, no purulent drainage was observed. Plaintiff's open wound was not cultured in the TAMC emergency department on June 24, 1999.

Plaintiff re-entered TAMC on June 25, 1999 and was discharged on July 2, 1999. During this hospital stay, Plaintiff underwent two surgical procedures and antibiotic powder was used for prophylactic purposes. During the latter procedure, insufficient tissue existed to close the wound and the TAMC physicians left the wound to heal via secondary intent.

Dakin's Solution was applied to Plaintiff's wound on July 1, 1999 and July 2, 1999 while at the TAMC. On July 6, 1999, Plaintiff was examined by Dr. Cirangle. After learning that Plaintiff was ordered to use Dakin's Solution on his wound, Dr. Cirangle ordered Plaintiff to use saline solution on his wound. During his deposition, Plaintiff claimed that he was only provided with Dakin's Solution on July 6, 1999, when he met with Dr. Cirangle.

Plaintiff was admitted to the TAMC on July 8, 1999 and was discharged on July 20, 1999. During this hospital stay, Plaintiff was connected to the Vacuum Assisted Closure device.

(e) DISPUTED FACTUAL ISSUES

The parties disagree on the issues of liability, causation and damages.

As indicated in the motions pleadings filed in this case, Defendant asserts that even if the standard(s) of care was violated, there was no injury because there was evidence of an infection.

Defendant also disputes the damages claimed by Plaintiff. With regard to Plaintiff's wage loss claim, as will be detailed in the Trial Brief, Plaintiff was suffering a long time back injury in which he claimed, in 2000, was the sole cause of his disability, as a part of a long-running dispute to seek VA disability benefits for a claimed service-related back injury.

With regard to medical special damages, Plaintiff received the majority, if not all of his medical care from TAMC and the VA and is not able to recover medical special damages arising out of the medical treatment received from the VA.

(f)   RELIEF PRAYED

Defendant requests that this action be dismissed. If the Court finds that Defendant violated the standard of care, Defendant requests that the Court find that these violations did not cause Plaintiff's injuries. If the Court finds that any violations of the standard of care caused Plaintiff's injuries, Defendant requests that Court limits Plaintiff's damages because Plaintiff failed to mitigate his damages and exhibited comparative negligence.

(g)   POINTS OF LAW

Defendant United States of America does not anticipate any novel or unusual points of law.

(h) PREVIOUS MOTIONS

The Court has granted Defendant's Motion for Partial Judgment as it pertained to the Veteran's Administration.

The Court has granted in part and denied in part, Defendant's Motion For Partial Summary Judgment. The Court dismissed four of the six opinions set forth by Plaintiff's expert. Still pending are the issues of whether the standard of care was violated when Plaintiff failed to culture the gallbladder on June 15, 1999 and in the emergency department on June 24, 1999 and when Dakin's Solution was applied to Plaintiff's wound in early July 1999 and whether Plaintiff's sustained injuries as a result of these actions.

(i) WITNESSES TO BE CALLED

Expert Witnesses

1.  Lawrence J. Eron, M.D., FACS, FIDSA, is Defendant's infectious disease specialist. Dr. Eron will testify in accordance with his expert report, which rebuts the opinions set forth by Plaintiff's expert, Peter Halford, M.D.

2.  Whitney J. Limm, M.D., FACS is defendant's general surgeon expert. Dr. Limm will testify in accordance with his expert report, which rebuts the opinions set forth by Dr. Halford.

Lay Witnesses

1. Paul Cirangle, M.D., will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

2. P Kajiwara, RN will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

3. E. Soliai, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

4. Sgt. Juan Sanchez-Martinez, will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

5. Susan Spenger, RN, will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

6. William Quinn, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

7. Robert Lim, M.D., will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

8. J. Bock, C.R.N.A., will testify as to liability

and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

    9.   J. Glover, RN, will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

    10.   K. Burmeister, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

    11.   Richard Mazzaferro, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

    12.   M. McCabe, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

    13.   Arthur Chasen, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

    14.   Bradley Sakaguchi, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

    15.   Michael Wirt, M.D. will testify as to liability and damages, including but not limited to, the medical care he

rendered to Plaintiff and his interactions with the parties.

16. Jennifer Lane, M.D. will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

17. Philip Littlefield, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

18. E. Harrison, R.N. will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

19. Thomas Dykes, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

20. A. Swan will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

21. Lyn Dahl, M.D. will testify as to liability and damages, including but not limited to, the medical care she rendered to Plaintiff and her interactions with the parties.

22. Darren Gray, M.D. will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

23. Vicki Desaulniers will testify as to liability and

damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

24. Dr. Becker will testify as to liability and damages, including but not limited to, the medical care he rendered to Plaintiff and his interactions with the parties.

25. Any witnesses identified in prior pleadings and any witnesses identified in Plaintiff's medical records from TAMC and VA.

(j)  EXHIBITS, SCHEDULES AND SUMMARIES

Defendant anticipates introduction of Plaintiff's medical records to date, including his records from TAMC and the Veteran's Administration as well as correspondence between Plaintiff and his health care providers as trial exhibits.

(k)  FURTHER DISCOVERY OR MOTIONS

Further discovery is anticipated. Defendant United States of America plans to file pretrial motions in limine.

(l)  STIPULATION

Stipulations are planned.

(m)  AMENDMENTS, DISMISSALS

No amendments are now planned.

(n)  SETTLEMENT DISCUSSIONS

The parties have not mediated. No settlement appears possible based upon previous discussions.

(o)  AGREED STATEMENT

No agreed statement, except as to stipulated facts, is likely or necessary.

(p) <u>BIFURCATION, SEPARATE TRIAL OF ISSUES</u>

No bifurcation or separate trial of issues appear necessary.

(q) <u>REFERENCE TO A MASTER OR MAGISTRATE JUDGE</u>

N/A.

(r) <u>APPOINTMENT OR LIMITATION OF EXPERTS</u>

Such appointment or limitation does not appear feasible or desirable.

(s) <u>ESTIMATE OF TRIAL TIME</u>

Defendant anticipates the need for 4 to 6 trial days.

(t) <u>CLAIMS OF PRIVILEGE OR WORK PRODUCT</u>

No specific claims are made at this time.

(u) <u>EXHIBITS, SCHEDULES, SUMMARIES</u>

Curriculum Vitae and Expert Reports of:

Lawrence J. Eron, M.D., FACS, FIDSA

Whitney J. Limm, M.D., FACS

//
//
//
//
//
//

(v)   <u>MISCELLANEOUS</u>

No other matters must be discussed at this time.

DATED:  Honolulu, Hawaii, August 7, 2007.

                              EDWARD H. KUBO, JR.
                              United States Attorney
                              District of Hawaii

                                  /s/ Edric M. Ching
                          By _____
                              EDRIC M. CHING
                              Assistant U.S. Attorney

                              Attorneys for Defendant
                              UNITED STATES OF AMERICA

```
              IN THE UNITED STATES DISTRICT COURT

                   FOR THE DISTRICT OF HAWAII

KEVIN MILNES,                    )    CIVIL NO. 02—00365 BMK
                                 )
            Plaintiff,           )    CERTIFICATE OF SERVICE
                                 )
     vs.                         )
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Defendant.           )
_____)
```

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on the date and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served by First Class Mail:

Gary V. Dubin, Esq.               August 7, 2007
55 Merchant Street
Suite 3100
Honolulu, HI 96813

Attorney for Plaintiff

DATED: August 7, 2007, at Honolulu, Hawaii.

/s/ Coleen Tasaka-Shoda
_____